

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00251-CR

CHAD EVERETT ERVIN                                                                APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR17434

----------

## MEMORANDUM OPINION[1]

----------

Appellant Chad Everett Ervin appeals his conviction for evading arrest or detention.[2] We conclude that we do not have jurisdiction over the appeal, and we therefore dismiss it.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.04(a) (West Supp. 2014).

**Background Facts**

A grand jury indicted appellant for evading arrest or detention while using a vehicle. Appellant filed several pretrial documents, including a document in which he chose the trial court to set his punishment if he was convicted. He pled not guilty, but the jury found him guilty and determined that he had used or exhibited a deadly weapon during the offense.[3] The trial court received the verdict, ordered that appellant remain in custody, and recessed the case for the preparation of a presentence investigation report (PSI).

Twenty days later, on May 27, 2014, the trial court held a hearing to determine appellant's sentence. After receiving evidence of appellant's criminal history as presented by the State, hearing appellant's mother testify, and considering the PSI, the trial court sentenced appellant to ten years' confinement.[4] The same day, the trial court signed the judgment, which stated

---

[3]The State also charged appellant with aggravated assault on a public servant, but the jury found him not guilty of that charge.

[4]At the May 27 hearing, after asking appellant to stand, the court stated,

> The Court has considered all the evidence, including the case-in-chief, as well as the PSI prepared and given to The Court to adjudicate, *and it's the order of The Court that the defendant is sentenced* to ten years in the institutional division of the Texas Department of Criminal Justice. [Emphasis added.]

the "Date Sentence Imposed" as "May 27, 2014."[5]  The judgment was filed on May 29, 2014.  Appellant filed a notice of appeal on June 30, 2014.

In August 2014, we sent appellant a letter stating that we had received the notice of appeal and that we were concerned about our jurisdiction on the basis that the notice of appeal was not timely filed.  We asked appellant to file a response to our letter and stated that if we determined that the appeal was not timely perfected, we would dismiss it.  Through counsel, appellant responded by sending a letter that included the following paragraph:

> [T]he judgment in [this] case was not signed and entered until May 29, 201[4], making the thirtieth day June 28, 2014 which was a Saturday.  June 30, 2014 was the following Monday.

Appellant also submitted an affidavit, in which his counsel stated in part,

> 3. Although the sentencing hearing was held on May 27, 2014, [appellant] was erroneously returned to the jail following the return of the jury's verdict.[6]  The error was noticed and it was determined that [appellant] would be brought back at a later date at which time the Judgment in the case would be signed and [appellant] would be provided with his Notice of Right to Appeal.

> 4. As noted in the court's docket, attached hereto,[7] [appellant] was returned to Court on May 29, 2014 at which time the Judgment was signed and Notice of Appeal provided. . . .

---

[5]The judgment stated that it was "[s]igned and entered on May 27, 2014."

[6]The jury returned its verdict of guilt on May 7, 2014.

[7]The end of the clerk's record contains a document that chronologically lists "EVENTS & ORDERS OF THE COURT"; this is the same document referenced in the affidavit that appellant submitted to this court.  The document states that the trial court held the sentencing hearing on May 27, 2014 but appears to indicate that the sentence was imposed and began to run on May 29,

3

5. Thirty days from May 29, 2014[8] is June 28, 2014 – which is a Saturday. The following Monday was June 30, 2014, the date of the filing of the Notice of Appeal.

In October 2014, we sent the parties a letter stating that we had considered appellant's response to our August 2014 letter and that we had determined that the "notice of appeal appear[ed] to have been filed timely." We informed the parties that we would continue the appeal. The parties thereafter filed briefs on the merits of the appeal.

## Jurisdiction

In a criminal case in which there is no timely motion for new trial, the notice of appeal must be filed within thirty days "after the day sentence is imposed or suspended in open court." Tex. R. App. P. 26.2(a)(1); *see Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014); *see also Durant v. State*, No. 07-09-00266-CR, 2010 WL 3075313, at *1 (Tex. App.—Amarillo Aug. 6, 2010, no pet.) (mem. op., not designated for publication) ("[W]e begin our calculation of the time in which an appellant may file a notice of appeal from 'the day sentence is imposed or suspended in open court,' not the day the written judgment was

2014. The document, however, also appears to state that appellant pled not guilty and was convicted by the jury on May 29, 2014, when those events actually occurred on earlier dates. The remainder of the clerk's record and the volume of the reporter's record in which the trial court sentenced appellant provide clear evidence that sentencing occurred on May 27, 2014 and that appellant was present in court for sentencing.

[8]As stated above, the judgment states that it was signed on May 27, not May 29.

4

signed or filed."). We may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, a party files the notice of appeal in the trial court and files in this court a motion to extend the time to file the notice of appeal. Tex. R. App. P. 26.3; *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction."); *Brock v. State*, No. 02-14-00310-CR, 2014 WL 5492730, at *1 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (applying *Olivo* when the notice of appeal was one day late).

It is well established that a notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1); *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, we have no jurisdiction and can take no action other than to dismiss the appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton*, 981 S.W.2d at 210.

The reporter's record and the judgment in the clerk's record establish that the trial court sentenced appellant in open court on May 27, 2014. Thus, his notice of appeal was due thirty days later on June 26, 2014. *See* Tex. R. App. P. 4.1(a); 26.2(a)(1). Appellant did not file the notice of appeal until June 30, 2014 and did not file a motion to extend the time to file the notice of appeal. Therefore,

we conclude that the notice of appeal was untimely, and we dismiss the appeal for want of jurisdiction.[9]  *See* Tex. R. App. P. 25.2(b); 26.2(a)(1), 43.2(f); *Perez*, 424 S.W.3d at 85; *Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015

---

[9]Our October 2014 statement about the timeliness of the appeal was proved incorrect.