PD-1280-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2015 10:10:01 PM
Accepted 10/7/2015 4:12:02 PM
ABEL ACOSTA
CLERK

Cause No. _____

## TO THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

-------------------------------------------------------------------

**CHAD EVERETT ERVIN**
*Petitioner*

**VS.**

**THE STATE OF TEXAS**
*Respondent.*

-------------------------------------------------------------------

**Petition in Cause No. CR-17,434 from the 271st Judicial District Court of Wise County, Texas and Cause No. 02-14-00251-CR from the Court of Appeals for the Second Supreme Judicial District of Texas.**

-------------------------------------------------------------------

## PETITION FOR DISCRETIONARY REVIEW

-------------------------------------------------------------------

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

**Paul Belew
S.B.N.: 00794926
P.O. Box 1026
Decatur, Texas 76234
(940) 627-6400
(940) 627-6408  (facsimile)
ATTORNEY FOR PETITIONER,
CHAD EVERETT ERVIN**

**PETITIONER REQUESTS ORAL ARGUMENT**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the names and addresses of all parties to the trial court's final judgment and the names and addresses of trial counsel:

| Party | Attorneys |
|---|---|
| **Appellant / Defendant** ||
| Chad Everett Ervin, #01944048<br>Texas Department of Criminal Justice<br>Buster Cole State Jail<br>3801 Silo Road<br>Bonham, TX 75418 | Paul Belew     Trial Counsel<br>S.B.N.: 00794926   Appellate Counsel<br><br>David Singleton    Trial Counsel<br>S.B.N. 00784976<br><br>BELEW AND SINGLETON<br>P.O. Box 1026<br>Decatur, Texas 76234<br>(940) 627-6400<br>(940) 627-6408 (facsimile) |
| **State Of Texas / Appellee** ||
| State of Texas | Gregory Preston Lowery, Wise County<br>    District Attorney<br>S.B.N: 00787926<br><br>John J. 'Jay' Lapham, Assistant District<br>    Attorney<br>S.B.N. 00784448<br><br>Wise County Courthouse<br>Second floor<br>Decatur, Texas 76234 |

| TRIAL JUDGE |
|---|
| Appeal from the 271st District Court<br>Wise County, Texas<br>Hon. John Fostel presiding |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL i

TABLE OF CONTENTS iii

INDEX OF AUTHORITIES iv

STATEMENT REGARDING ORAL ARGUMENT 2

STATEMENT OF THE CASE 2

STATEMENT OF THE PROCEDURAL HISTORY 2

GROUNDS FOR REVIEW 3

ARGUMENT AND AUTHORITIES 3

PRAYER FOR RELIEF 8

CERTIFICATE OF SERVICE 9

CERTIFICATE OF COMPLIANCE 7

# INDEX OF AUTHORITIES

**Cases:**

*Ervin v. State*,
No. 02-14-00251-CR (August 27, 2015) (Memorandum Opinion)    3, 4, 5

NO. _____

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

----------------------------------------------------------------

CHAD EVERETT ERVIN

VS.

THE STATE OF TEXAS

----------------------------------------------------------------

Petition in Cause No. CR-17,434 from the 271st Judicial District Court of Wise County, Texas and Cause No. 02-14-00251-CR from the Court of Appeals for the Second Supreme Judicial District of Texas.

======================================================================
**PETITION FOR DISCRETIONARY REVIEW**
======================================================================

**TO THE HONORABLE COURT OF CRIMINAL APPEALS**

   **COMES NOW** Chad Everett Ervin, (Hereinafter, "Petitioner") by and through his attorney of record and files this, his Petition for Discretionary Review and herein respectfully requests this Court to grant discretionary review of the above named cause for the reasons set forth herein:

-1-

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument to the extent it would be helpful to the Court.

## STATEMENT OF THE CASE

Defendant Chad Ervin was indicted in Cause Number CR-17,434 alleging that on or about September 2, 2013 he committed Evading Arrest or Detention with a Vehicle. R.R. 2:29:3-30:8.

The case proceeded to trial on May 6, 2014. R.R. 1:1. On May 7, 2013 the jury returned a verdict in which it found Chad Ervin guilty. R.R. 3:27:13-20. A judgment was entered sentencing Defendant to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years. Defendant thereafter filed an Affidavit of Indigency and his Notice of Appeal.

The case was then appealed to the Second Court of Appeals. The Court of Appeals dismissed Petitioner's Appeal for want of jurisdiction in an unpublished opinion. *See Appendix*.

This Petition for Discretionary Review ensued.

## STATEMENT OF THE PROCEDURAL HISTORY

Mr. Ervin indicted in the 271st Judicial District Court, Wise County, Texas on charges of Evading Arrest or Detention with a Vehicle. R.R. 2:29:3-30:8. On May 6, 2014 the case was tried before a jury in the 271st Judicial District Court for Wise County, Texas, Judge John Fostel presiding. *See, e.g.,* R.R. 1:1.

-2-

On May 7, 2014 the jury returned a verdict in which it found Chad Ervin guilty. R.R. 3:27:13-20. A judgment was entered sentencing Defendant to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years.

The Court of Appeals for the Second Supreme Judicial District of Texas issued a Memorandum Opinion on August 27, 2015. No Motion for Rehearing was filed. The instant Petition for Discretionary Review followed within thirty days.

## GROUNDS FOR REVIEW

1.  The Court of Appeals Erred In Dismissing Mr. Ervin's Appeal For Want Of Jurisdiction.

## ARGUMENT AND AUTHORITIES

Mr. Ervin was charged with, tried for and convicted of Evading Arrest or Detention With a Vehicle. *Ervin v. State*, No. 02-14-00251-CR (August 27, 2015) (Memorandum Opinion) *2. On May 7, 2014 the jury returned a verdict of Guilty and proceeding were recessed for, *inter alia* preparation of a Presentence Investigation Report. *Ervin*, *2, 3. A sentencing hearing was scheduled for May 27, 2014. *Id.* Although Mr. Ervin was returned to Court at that time and the Court indicated the sentence it would impose, Mr. Ervin was inadvertently returned to the county jail prematurely.

The Court of Appeals, upon reviewing the Reporter's Record, concluded that the Court had imposed sentence on May 27, 2014 and therefore Appellant's Notice of Appeal

-3-

filed on June 30, 2014 was not timely.  *Ervin*, *2, 3.

The Court acknowledged that there were inconsistencies in the record before it regarding that date of certain events.  It nevertheless, without resolved whose inconsistencies against Appellant concluding "The reporter's record and the judgment in the clerk's record establish that  the trial court sentenced appellant  in open court on May 27, 2014."  *Ervin*, *5.  The Court's own opinion, however, casts doubt on its conclusion.

Both the Clerk's Record and an unchallenged Affidavit submitted to the Court provided

> The end of the clerk's record contains a document that chronologically lists "EVENTS & ORDERS  OF THE COURT"; this is the same document referenced in the affidavit that appellant submitted to this court. The document  states that the trial court held the sentencing hearing on May 27, 2014 but  appears to indicate that the sentence was imposed *and began to run* on May 29 . . .

*Ervin*, *3, n.7 (emphasis added).  A sentence begins to run when it is imposed.

> The Court of Appeals dismissed this particular document arguing:

> The document, however, also appears to state that appellant pled not guilty and was convicted by the jury on May 29, 2014, when those events actually occurred on earlier dates.   The  remainder of the clerk's record and  the volume of the reporter's record in which the trial court sentenced appellant provide clear evidence that sentencing occurred on May 27, 2014 and that  appellant was present in court for sentencing.

*Ervin*, *4, n. 7.

As noted previously by the Court, however, Mr. Ervin's sentencing was scheduled for May 27, 2014.  *Ervin*, *3.  Indeed, a Judgment was prepared in advance and bore that date and in fact would be used some two days later.  Mr. Ervin, however, was removed

-4-

removed from the Courthouse prematurely and sentencing was not completed until May 29, 2014. *Ervin*, *3-4. That is the date the Clerk's record shows his sentence to begin.

The Court erred in *sua sponte* resolving factual disputes against the Appellant, when the facts were not disputed and the Court's previous ruling was undisputed.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Chad Evrvin respectfully requests that the Court of Criminal Appeals grant Appellant's Petition for Discretionary Review and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

 /s/  Paul Belew
Paul Belew
S.B.N.: 00794926

BELEW & SINGLETON
P.O. Box 1026
Decatur, Texas 76234
(940) 627-6400
(940) 627-6408  (facsimile)

FOR APPELLANT
CHAD ERVIN

## CERTIFICATE OF SERVICE

This is to certify that on this, the 5th day of October, 2015 a true and correct copy of the above and foregoing document has been forwarded by means of electronic filing as follows:

Greg Lowery
Wise County District Attorney's Office
Wise County Courthouse
Second floor
Decatur, Texas  76234


 /s/  Paul Belew
Paul Belew

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(4)

WordPerfect X6 was used to prepare this document in 14 Point Times New Roman.  I certify that the total number of words contained herein, excluding the identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, signature, and certificate of compliance is 911.

/s/  Paul Belew

**APPENDIX**



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00251-CR

CHAD EVERETT ERVIN                                          APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY
## TRIAL COURT NO. CR17434

----------

## MEMORANDUM OPINION[1]

----------

Appellant Chad Everett Ervin appeals his conviction for evading arrest or detention.[2] We conclude that we do not have jurisdiction over the appeal, and we therefore dismiss it.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 38.04(a) (West Supp. 2014).

## Background Facts

A grand jury indicted appellant for evading arrest or detention while using a vehicle. Appellant filed several pretrial documents, including a document in which he chose the trial court to set his punishment if he was convicted. He pled not guilty, but the jury found him guilty and determined that he had used or exhibited a deadly weapon during the offense.[3] The trial court received the verdict, ordered that appellant remain in custody, and recessed the case for the preparation of a presentence investigation report (PSI).

Twenty days later, on May 27, 2014, the trial court held a hearing to determine appellant's sentence. After receiving evidence of appellant's criminal history as presented by the State, hearing appellant's mother testify, and considering the PSI, the trial court sentenced appellant to ten years' confinement.[4] The same day, the trial court signed the judgment, which stated

---

[3]The State also charged appellant with aggravated assault on a public servant, but the jury found him not guilty of that charge.

[4]At the May 27 hearing, after asking appellant to stand, the court stated,

> The Court has considered all the evidence, including the case-in-chief, as well as the PSI prepared and given to The Court to adjudicate, *and it's the order of The Court that the defendant is sentenced* to ten years in the institutional division of the Texas Department of Criminal Justice. [Emphasis added.]

2

the "Date Sentence Imposed" as "May 27, 2014."[5]  The judgment was filed on May 29, 2014.  Appellant filed a notice of appeal on June 30, 2014.

In August 2014, we sent appellant a letter stating that we had received the notice of appeal and that we were concerned about our jurisdiction on the basis that the notice of appeal was not timely filed.   We asked appellant to file a response to our letter and stated that if we determined that the appeal was not timely perfected, we would dismiss it.  Through counsel, appellant responded by sending a letter that included the following paragraph:

> [T]he judgment in [this] case was not signed and entered until May 29, 201[4], making the thirtieth day June 28, 2014 which was a Saturday.  June 30, 2014 was the following Monday.

Appellant also submitted an affidavit, in which his counsel stated in part,

> 3. Although the sentencing hearing was held on May 27, 2014, [appellant] was erroneously returned to the jail following the return of the jury's verdict.[6]   The error was noticed and it was determined that [appellant] would be brought back at a later date at which time the Judgment in the case would be signed and [appellant] would be provided with his Notice of Right to Appeal.
>
> 4. As noted in the court's docket, attached hereto,[7] [appellant] was returned to Court on May 29, 2014 at which time the Judgment was signed and Notice of Appeal provided. . . .

---

[5]The judgment stated that it was "[s]igned and entered on May 27, 2014."

[6]The jury returned its verdict of guilt on May 7, 2014.

[7]The end of the clerk's record contains a document that chronologically lists "EVENTS & ORDERS OF THE COURT"; this is the same document referenced in the affidavit that appellant submitted to this court.  The document states that the trial court held the sentencing hearing on May 27, 2014 but appears to indicate that the sentence was imposed and began to run on May 29,

3

5. Thirty days from May 29, 2014[8] is June 28, 2014 – which is a Saturday. The following Monday was June 30, 2014, the date of the filing of the Notice of Appeal.

In October 2014, we sent the parties a letter stating that we had considered appellant's response to our August 2014 letter and that we had determined that the "notice of appeal appear[ed] to have been filed timely." We informed the parties that we would continue the appeal. The parties thereafter filed briefs on the merits of the appeal.

## Jurisdiction

In a criminal case in which there is no timely motion for new trial, the notice of appeal must be filed within thirty days "after the day sentence is imposed or suspended in open court." Tex. R. App. P. 26.2(a)(1); *see Taylor v. State*, 424 S.W.3d 39, 43 (Tex. Crim. App. 2014); *see also Durant v. State*, No. 07-09-00266-CR, 2010 WL 3075313, at *1 (Tex. App.—Amarillo Aug. 6, 2010, no pet.) (mem. op., not designated for publication) ("[W]e begin our calculation of the time in which an appellant may file a notice of appeal from 'the day sentence is imposed or suspended in open court,' not the day the written judgment was

2014. The document, however, also appears to state that appellant pled not guilty and was convicted by the jury on May 29, 2014, when those events actually occurred on earlier dates. The remainder of the clerk's record and the volume of the reporter's record in which the trial court sentenced appellant provide clear evidence that sentencing occurred on May 27, 2014 and that appellant was present in court for sentencing.

[8]As stated above, the judgment states that it was signed on May 27, not May 29.

4

signed or filed."). We may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, a party files the notice of appeal in the trial court and files in this court a motion to extend the time to file the notice of appeal. Tex. R. App. P. 26.3; *see Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction."); *Brock v. State*, No. 02-14-00310-CR, 2014 WL 5492730, at *1 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (applying *Olivo* when the notice of appeal was one day late).

It is well established that a notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1); *Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, we have no jurisdiction and can take no action other than to dismiss the appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton*, 981 S.W.2d at 210.

The reporter's record and the judgment in the clerk's record establish that the trial court sentenced appellant in open court on May 27, 2014. Thus, his notice of appeal was due thirty days later on June 26, 2014. *See* Tex. R. App. P. 4.1(a); 26.2(a)(1). Appellant did not file the notice of appeal until June 30, 2014 and did not file a motion to extend the time to file the notice of appeal. Therefore,

5

we conclude that the notice of appeal was untimely, and we dismiss the appeal for want of jurisdiction.[9]  *See* Tex. R. App. P. 25.2(b); 26.2(a)(1), 43.2(f); *Perez*, 424 S.W.3d at 85; *Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 27, 2015

---

[9]Our October 2014 statement about the timeliness of the appeal was proved incorrect.