# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00236-CR

### Christopher Ray Weatherspoon, Appellant

### v.

### The State of Texas, Appellee

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 57326, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Christopher Ray Weatherspoon was placed on deferred adjudication community supervision after he pleaded guilty to sexual assault of a child. *See* Tex. Penal Code § 22.011. The State subsequently filed a motion to adjudicate guilt based on alleged violations of community supervision. Appellant pleaded true to all of the allegations, and after a hearing, the trial court adjudicated him guilty of the offense of sexual assault of a child and sentenced him to six years' imprisonment. *See* Tex. Code Crim. Proc. art. 42.12, § 5; Tex. Penal Code § 12.33.

Appellant's court-appointed attorney filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988).

Counsel has certified to this Court that he provided a copy of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and supplied appellant with a form motion for pro se access to the appellate record along with a mailing address for this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We have not received a pro se brief from appellant.

We conducted an independent review of the record, including appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and that the appeal is frivolous. Counsel's motion to withdraw is granted.

Although there are no meritorious grounds for reversal of the conviction, counsel raised a challenge to some of the court costs assessed against appellant in the judgment adjudicating guilt and requested that we modify the court costs assessed in the judgment. Acting pro se, appellant filed a motion for correction of costs setting forth the identical arguments made by appellate counsel. In addition to challenging the court costs, appellate counsel also contends that the judgment adjudicating guilt erroneously indicates that appellant entered into a plea agreement with the State. We have the authority to correct a trial court's judgment when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Figueroa v. State*, 250 S.W.3d 490, 518 (Tex. App.—Austin 2008, pet. ref'd). We will address each issue below.

*Court Costs*

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *See* Tex. Code Crim. Proc. art. 42.15 (requiring convicted defendant to pay court costs when punishment is only fine); *id*. art. 42.16 (requiring convicted defendant to pay court costs when punishment is something other than fine); *Ireland v. State*, No. 03-14-00616-CR, 2015 WL 4914982, *2 (Tex. App.—Austin Aug. 12, 2015 , no pet.) (mem. op., not designated for publication); *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see also Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The imposition of court costs upon a criminal defendant is a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case. *Johnson*, 423 S.W.3d at 390. Courts costs assessed against a criminal defendant must be statutorily authorized. *See id*. at 389; Tex. Code Crim. Proc. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law."). When an appellant challenges the imposition of court costs, we review the assessment of costs to determine if there is a basis for the costs, not to determine whether there is sufficient evidence to prove each cost. *See Johnson*, 423 S.W.3d at 390.

Here, the record contains a certified bill of costs for $551, listing fourteen costs assessed against appellant. Appellant challenges twelve of the fourteen costs, arguing that (1) some of them should not have been included because they were already assessed against appellant when he received deferred adjudication community supervision, (2) some of them should not have been included because the statute authorizing the costs was not in effect at the time of the underlying

3

offense, and (3) one of them is not statutorily authorized. We will address each argument as it pertains to the relevant costs.

### A. Assessing Costs for Deferred Adjudication and Adjudication of Guilt

Appellant contends that the fees listed in the bill of costs for the district clerk, sheriff, courthouse security, district clerk record preservation, records management, consolidated court costs, and DNA testing were improperly assessed at the time of adjudication of guilt because the record shows that the court assessed (and appellant paid) the same fees at the time that he received deferred adjudication community supervision. We agree that the record shows that appellant paid court costs assessed at the time that he received deferred adjudication community supervision, but we disagree that the trial court improperly assessed further costs at the time the court adjudicated appellant guilty.

To the extent appellant challenges the court costs assessed when he was placed on deferred adjudication community supervision, he is procedurally barred from doing so. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014) (failure to file timely appeal of assessment of costs in deferred adjudication order forfeits appellate complaint regarding those costs); *Ireland*, 2015 WL 4914982, at *3–4. To the extent appellant challenges the costs assessed at the time of adjudication of guilt on the basis that the costs were already assessed at the point of receiving deferred adjudication community supervision, the challenge is without merit. Although appellant references the nonpunitive nature of court costs and cites to a recently enacted statute providing that court costs should not be assessed for each count or offense in one criminal action, he has not cited to, nor have we found, any authority barring the assessment of costs at both the time of the deferred adjudication order and the time of adjudication of guilt. On the contrary, the statutes authorizing the

4

assessment of court costs upon conviction define the term "conviction" as including both deferred adjudication community supervision and the imposition of a judgment or sentence. *See* Tex. Code Crim. Proc. arts. 102.005(b), 102.020(c); Tex. Local Gov't Code § 133.101.

We also note that costs assessed at the point of receiving deferred adjudication community supervision and then again at the point of adjudication of guilt are distinguishable from costs assessed for each count or offense in one criminal action. A violation of community supervision requires a new and separate court proceeding from the original proceeding resulting in deferred adjudication community supervision. Further, cases addressing costs that were assessed at both points in time suggest that the assessment of costs at each point is appropriate. *Perez*, 424 S.W.3d at 86; *Ireland*, 2015 WL 4914982, at *3–4. For example, in *Perez*, the defendant challenged costs assessed at both points of time, and the Court of Criminal Appeals determined that the defendant was barred from challenging the costs assessed at the time of the deferred adjudication community supervision order because he had not timely appealed them and then remanded the case to the court of appeals for consideration of the challenge to the costs assessed at the time of adjudication of guilt. *Perez*, 424 S.W.3d at 86. On remand, the court of appeals held that the costs assessed at adjudication of guilt were proper because they were supported by a certified bill of costs. *See Perez v. State*, No. 14-12-00893-CR, 2014 WL 1618370, *1–2 (Tex. App.—Houston [14th Dist.] Apr. 22, 2014, no pet.) (mem. op., not designated for publication).

Regarding the authority for the costs themselves, all of the costs challenged by appellant are authorized by statute. *See* Tex. Code Crim. Proc. art. 102.005(a) (mandating fee for clerk of court); *id*. art. 102.005(f)(1) (requiring fee for records management and preservation in

various county offices); *id*. art. 102.005(f)(2) (mandating fee for records management and preservation services performed by clerk of court); *id*. art. 102.017(a) (requiring fee for courthouse security); *id.* art.102.020(a)(1) (requiring payment of costs related to DNA testing); Tex. Local Gov't Code § 133.102(a)(1) (mandating consolidated court cost "on conviction of a felony"). The statutory authority, coupled with the certified bill of costs, provides a sufficient basis for the costs. *See Johnson*, 423 S.W.3d at 390, 394-96; *Ireland*, 2015 WL 4914982, at *3.

### B. Date of Effectiveness of Statutes Authorizing Costs

Appellant also contends that some of the court costs—the court technology fund fee, the jury service fund fee, the judiciary support fee, and the basic criminal legal services fee—should not have been assessed because the statute authorizing the costs was not in effect at the time of the underlying offense. In support of his argument, appellant cites to section 51.608 of the Texas Government Code, which states:

> Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense.

Tex. Gov't Code § 51.608. In arguing that this statutory provision states that the trial court must assess only court costs that were in existence at the time of the underlying offense, appellant misconstrues the law. The provision states that the court costs assessed must be those established by law as of the date a defendant *is convicted of the offense*. *See id*. The record shows that appellant

was convicted of the offense of sexual assault of a child on March 13, 2015. All of the challenged court costs are supported by laws in effect on the date of appellant's conviction. *See* Tex. Code Crim. Proc. art. 102.0045 (requiring fee to reimburse counties for cost of juror services and effective in 2005); *id*. art. 102.0169 (mandating court technology fee and effective in 2009); Tex. Local Gov't Code § 133.105(a) (mandating fee for support of judiciary and effective in 2005); *id*. § 133.107(a) (requiring fee to fund indigent defense representation and effective in 2007). Because all of the challenged costs were supported by statutory authority that was in existence at the time of appellant's conviction, the trial court properly assessed the costs.

### C.      Statutory Authority for State Electronic Filing Fee

Appellant further argues that the trial court erred in assessing the state electronic filing fee because there is no statutory basis for the fee. However, section 51.851(d) of the Texas Government Code provides authority for the fee, as it requires that a defendant pay an electronic filing fee upon conviction of a criminal offense. *See* Tex. Gov't Code § 51.851(d). Accordingly, the trial court properly assessed the fee.

### D.      Conclusion Regarding Court Costs

Having concluded that all of the court costs challenged by appellant were properly assessed, we overrule the court-cost issues raised by appellant, and we deny appellant's motion for correction of costs.

***Error in Judgment***

Appellate counsel argues that the judgment adjudicating guilt erroneously indicates that appellant entered into a plea agreement with the State. Specifically, under the heading titled "Terms of Plea Bargain" in the judgment, the judgment states "See Agreement Regarding Adjudication and Sentence." The referenced "Agreement Regarding Adjudication and Sentence" is a form document for a plea agreement but the word "OPEN" is written into the document in a space provided for writing in the terms of the agreement. The record shows that appellant did not enter into a plea agreement with the State but rather entered an open plea. Because we have the authority to correct a trial court's judgment when we have the necessary information to do so, and because the record shows that appellant did not enter into a plea agreement, we delete the portion of the judgment stating "See Agreement Regarding Adjudication and Sentence," and we substitute "N/A" in its place. *See* Tex. R. App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Figueroa*, 250 S.W.3d at 518. As modified, the judgment adjudicating guilt is affirmed.

## Conclusion

Based on the foregoing, we grant appellate counsel's motion to withdraw, deny appellant's motion for correction of costs, and affirm the judgment adjudicating guilt as modified.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin and Bourland

Modified and, as Modified, Affirmed

Filed:   January 22, 2016

Do Not Publish

9