

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0498-13

### EDUARDO PEREZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. ALCALÁ, J., filed a concurring opinion in which KELLER, P.J., and HERVEY, and COCHRAN, JJ., joined. PRICE, J., concurred.

### O P I N I O N

As stated by the court of appeals, "This is an appeal about court costs." *Perez v. State*, 2013 Tex. App. LEXIS 5121, No. 14-12-00893-CR (Tex. App.—Houston [14th Dist.], memorandum opinion filed April 25, 2013) (not designated for publication). The state points out that the facts regarding the underlying offense are not relevant to this appeal about court costs, but notes that the clerk's record contains information relevant to the assessment of court costs.

### I. BACKGROUND

In June of 2008, appellant plead guilty to burglary of a habitation and, pursuant to a plea agreement, was placed on three years' deferred-adjudication community supervision and fined $300. The Order of Deferred Adjudication included a designation of court costs of $203. Appellant did not appeal. In October of 2008, the state filed a motion to adjudicate appellant's guilt.

In 2012, the trial court adjudicated appellant's guilt and assessed punishment at two years' incarceration and a $300 fine. The judgment adjudicating guilt also specifically included a designation of court costs of $240. Accompanying that judgment in the clerk's record on appeal are three pages that purport to be a "cost bill assessment" and contain specific amounts for several kinds of costs. Those pages also contain a stamp and the signature of a deputy district clerk and are dated "11/7/12," which is several weeks after the September 20, 2012 date on which the trial judge signed and entered the judgment adjudicating guilt.

## II. COURT OF APPEALS

On direct appeal, appellant complained that the judgment reflected court costs that were not substantiated by the record and asserted that the list of court costs was not a proper "cost bill" because it was generated well after the judgment and afforded him no opportunity to object. Appellant argued that this listing of court costs was made up of "screen shots" from the county's proprietary information-management system and contained no details regarding when it was created or that the trial court saw the list before signing the judgment. He contended that this newly created document was not a bill of costs as contemplated, and required, by law and failed to fulfill due-process requirements. He also pointed out that he was never given the opportunity to challenge the actual costs or their constitutionality because no bill of costs was produced at the time of sentencing. Appellant asserted that due process is thwarted if the clerk can simply create a list of court costs after

the conviction.

Because there was no evidence in that record that the computer screen printout was presented to the trial judge before the specific dollar amount was included in the judgment, the court of appeals concluded that there was no evidence in the record to support the specific dollar amount in court costs. *Perez v. State*, 2013 Tex. App. LEXIS 5121, No. 14-12-00893-CR (Tex. App.—Houston [14th Dist.], memorandum opinion filed April 25, 2013)(not designated for publication). It also held that, while the trial court did not err in ordering appellant to pay costs, the trial court erred in entering a specific dollar amount of costs in the judgment without any record support. *Id.* Accordingly, the court of appeals reformed the trial court's judgment, deleted the specific amount of costs assessed, and affirmed the judgment as modified. *Id.*

## III. GROUNDS FOR REVIEW

We granted the state's petition for discretionary review on four grounds: the court of appeals erred in deleting

1) the specific amount of court costs on the judgment of conviction based upon the lack of a certified bill of costs in the record;

2) court costs on the written judgment when appellant failed to preserve his claim for appellate review, the issue is not ripe for review, and by implicitly overruling this Court['s] opinion in *Manuel v. State* which held that he must raise issues about the sufficiency of the evidence in an appeal from the order deferring guilt;

3) the court costs on the written judgment when the district clerk's office included an itemized list of costs in the appellate record;

4) the court costs on the written judgment based upon the lack of a certified bill of costs in the record when the evidence was otherwise sufficient to sustain the assessed court costs.

## IV. ARGUMENT

The state argues that nothing in Texas statutes or the opinions of the Court of Criminal Appeals required the district clerk to attach a certified bill of costs to the judgment in order to support the amount or to show that the trial judge had access to his own court records when determining and assessing the amount on a judgment. It adds that, "even were this Court to hold that the mandatory assessment of court costs requires separate evidentiary support in the form of available documentation, this record contained sufficient documentary evidence to support the costs assessed." The state also contends that appellant waived his sufficiency claim to at least $203 in court costs when he did not raise it in an appeal from the order deferring guilt. It also maintains that appellant's claims regarding the mandatorily assessed costs were not preserved in the trial court and were not ripe for review on appeal because no attempt to collect them had yet been made.

Appellant asserts that "[w]ithout a cost bill, there is insufficient evidence to support court costs" and that "[t]he court costs should be struck because there is no evidence in the record to support them." He maintains that "[t]here is no evidence the trial court had the cost bill before the costs were assessed on the judgment[,]" and notes that "the transcript from the hearing shows that the trial court never even mentioned owing court costs." He argues that "[t]he rules of appellate procedure do not allow any objections to a particular cost to be made in the appellate court" and suggests that "with no cost bill in the trial court, the only proper challenge is through the sufficiency of the evidence."

The state argues the first, third, and fourth grounds together. It asks this Court to sustain those grounds and reverse the judgment of the court of appeals and reinstate the trial court's judgment in its entirety "because the record supports the costs assessed, and the trial court did not err by failing to attach a bill of costs to the judgment." It specifically contends that "the documentary

evidence in the clerk's record supported each mandatory fee and costs assessed because: (1) the itemized cost bill provided sufficient evidence to support all the costs and fees; and (2) even had it been insufficient the additional documents in the Court's file supported them." (State's Brief on Discretionary Review at 11.)

The state points to the laws regarding court costs, which state that a convicted person has a statutory obligation to pay court costs. *See* TEX. CODE CRIM. PROC. art. 42.15 (when a fine is assessed the judgment shall be that the defendant pay the amount of the fine and all costs to the state) and art. 42.16 (judgments imposing punishments other than fines shall specify the costs against the defendant and order the collection of those costs).[1] The state also notes that Articles 103.001 through 103.012 govern the collection and disposition of costs. It also asserts that a defendant must pay the statutorily assessed costs regardless of indigence. TEX. GOV'T CODE § 102.021 (a convicted defendant "shall pay" the specified associated court costs).

Appellant argues that a bill of costs is a prerequisite to a trial court's authority to order that court costs be paid and that those court costs were not memorialized at the sentencing hearing. He also asserts, "Not only is this information necessary–it is constitutionally required." (Appellant's Brief on Petition for Discretionary Review at 13.) He maintains that the due-course-of-law provision of the Texas Constitution and the due-process clause of the Federal Constitution preclude the imposition of court costs without providing advance notice of those costs and that due process was not afforded to him because he was not notified of the court costs and thus was never given the opportunity to contest those costs.

---

[1] Unless otherwise noted, all references to "Article" and "Section" are to the Texas Code of Criminal Procedure.

The state's second ground for review asserts that the court of appeals erred by considering an unpreserved claim that challenged the accuracy of the amount of assessed costs. The state also asserts that the issue of the amount of court costs assessed was not ripe for review on appeal from the judgment without appellant making some attempt in the trial court to correct them. It insists that the judgment's assessment does not make the costs payable, and therefore, appeal from that judgment would not make the issue of the amount viable. It suggests that, to protest the amount assessed, appellant must therefore pursue some other vehicle that would provide the trial court with an opportunity to correct any inaccuracy. The state also asserts that appellant was required to make any evidentiary challenges to the order deferring guilt with a timely appeal from that order, and since he did not do so, he cannot tardily raise them for the first time in an appeal from the judgment adjudicating him. It argues that *Manuel v. State*, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999) directs that Article 44.01(j) reflects a legislative intent that "was not to permit two reviews to the legality of a deferred adjudication order, namely when first imposed and again upon adjudication." (State's Brief on Discretionary Review at 45.)

Appellant asserts that *Manuel* does not apply and that the court of appeals correctly reasoned that he did have the right to appeal the sufficiency of the court costs under Article 42.12 § 5(b). He also suggests that this is especially true in light of the fact that he was not granted the right to appeal from the order granting deferred adjudication.

## V. ANALYSIS

In *Johnson v. State*, ___ S.W.3d ___, No. PD-0193-13 (Tex. Crim. App. delivered February 26, 2014), we held that "a claim with respect to the basis of court costs need not be preserved at trial to be raised for the first time on appeal," that "a record on appeal can be supplemented with a bill

of costs," and the fact that most court costs are mandated by statute dispenses with the need for an ordinary sufficiency review. Nevertheless, we address the state's preservation claims and consider, in the circumstances before us, whether appellant needed to preserve error.

The record here reflects that the Order of Deferred Adjudication was signed and entered on June 20, 2008, and included the assessment of $203 for court costs. The state's Motion to Adjudicate Guilt included an allegation that appellant violated the terms and conditions of community supervision by failing to pay court costs. Appellant signed a Stipulation of Evidence that included a paragraph in which he judicially confessed that he had violated the terms and conditions and that the allegations in the state's motion were true. Before the court, appellant answered "Yes" when asked if it was true that he had violated the terms and conditions. The judgment adjudicating guilt reflects that appellant was sentenced to two years' incarceration, a $300 fine, and court costs of $240.

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Appellant failed to file notice of appeal within thirty days of being placed on deferred-adjudication community supervision, thus this appeal raising court-cost complaints is not timely with respect to the court costs that were assessed in the Order of Deferred Adjudication.

In *Wiley v. State*, we held that a defendant, whose community supervision had been revoked, forfeited his challenge to the court-appointed attorney fees as court costs by failing to bring such a claim in a direct appeal from the order originally imposing community supervision. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013). We pointed out that Wiley "could readily have raised this sufficiency claim in a direct appeal from the initial judgment imposing community supervision"

and failing to do so "constituted a procedural default under *Manuel*." We noted that *Manuel* had recognized that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Id*. at 319, n.33.

We also observe that appellant specifically waived his right to appeal at that time. The record reflects that, when appellant plead guilty and was placed on deferred-adjudication community supervision, he waived his right to appeal. Specifically, appellant signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, which included a paragraph in which he "waive[d] any right of appeal which [he] may have [had]," and the trial court accepted the foregoing plea agreement between him and the prosecutor. Appellant also signed an acknowledgment of receipt of a copy of the Trial Court's Certification of Defendant's Right of Appeal, which denoted that this "is a plea-bargain case, and the defendant has NO right of appeal." These were all signed on June 20, 2008, the same date that the Order of Deferred Adjudication was signed and entered. That Order included the challenged assessment of court costs of $203. Thus appellant, at that time of the original order, specifically waived his right to appeal the imposition of those court costs. As we held in *Manuel*, *supra*, the time to raise such a complaint via appeal is when deferred-adjudication community supervision was first imposed. "[A]n appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *Wiley*, 410 S.W.3d at 319, *citing Manuel*, 994 S.W.2d at 661-62. Appellant's waiver of his right to appeal does not excuse his failure to appeal the assessment of court costs at the time of the original imposition of community supervision.

The court of appeals acknowledged *Manuel*'s holding, but noted that, after we decided *Manuel*, an amendment to Article 42.12 § 5(b) permitted appellate review of the trial court's determination to proceed with an adjudication of guilt. It determined that appellant was "appealing the judgment adjudicating his guilt" rather than "challenging the assessment of costs in the original deferred adjudication order[,]" and was "challenging the evidence to support the specific dollar amount listed in the judgment adjudicating his guilt." *Perez v. State*, 2013 Tex. App. LEXIS 5121 at *4. The record does not support this conclusion.[2]

Court costs of $203 were included in the Order of Deferred Adjudication. Thus appellant could have appealed the imposition of such costs or the specific amount of those costs. Any and all complaints about the imposition of the court costs could and should have been made in a timely appeal of the deferred-adjudication order. "Failing to do so, we hold, constituted a procedural default under *Manuel*." *Wiley*, 410 S.W.3d at 320. Appellant did timely appeal the $240 court costs, which were noted in the judgment adjudicating guilt and included the $203 that had been initially assessed in the deferred-adjudication order. Since appellant failed to challenge the $203 assessment of costs in a timely appeal of that deferred adjudication order and thus forfeited any appellate complaint as to that sum, the instant, timely, appeal properly challenges only the $37 of court costs that were added to the initial $203. Thus the court of appeals had jurisdiction to address only $37 of appellant's challenge to the assessment of $240 in court costs.

## VI. CONCLUSION

A defendant must raise issues relating to the original plea proceeding, including evidentiary

---

[2] "In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court costs assessed against him in the judgment." *Perez v. State*, 2013 Tex. App. LEXIS 5121 at *1.

sufficiency, only in a timely appeal taken when deferred-adjudication community supervision is first imposed. *Manuel*, 994 S.W.2d at 661-62. Court costs of $203 were included in appellant's deferred-adjudication order, and appellant failed to appeal those costs at that time. Accordingly, we sustain the state's ground 2, in part; we reverse the judgment of the court of appeals and dismiss appellant's appeal with respect to $203 of the $240 of court costs.

The court of appeals does have jurisdiction to consider the appeal of the remaining $37 of the assessed court costs. In *Johnson v. State*, *supra*, we held that "a record on appeal can be supplemented with a bill of costs," and the fact that most court costs are mandated by statute dispenses with the need for an ordinary sufficiency review. Because the court of appeals did not have the benefit of *Johnson* when it addressed appellant's claims challenging the court-costs assessment, we dismiss the state's grounds one, three, and four and remand to the court of appeals to reconsider appellant's claims regarding the assessment of court costs in light of *Johnson*.

Delivered: March 12, 2014
Publish