**Affirmed and Memorandum Opinion on Remand filed April 22, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00893-CR

---

**EDUARDO PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1171619**

---

## MEMORANDUM OPINION ON REMAND

On original submission appellant appealed the assessment of court costs and this court modified the judgment to delete the assessment. The Court of Criminal Appeals dismissed a portion of appellant's appeal, and reversed and remanded a portion of the costs to be reviewed by this court.

On June 30, 2008, appellant pleaded guilty to burglary of a habitation and, pursuant to a plea agreement, was placed on three years' deferred-adjudication

community supervision and fined $300. The Order of Deferred Adjudication included a designation of court costs of $203. Appellant did not appeal. In October of 2008, the State filed a motion to adjudicate appellant's guilt.

In 2012, the trial court adjudicated appellant's guilt and assessed punishment at two years' incarceration and a $300 fine. The judgment adjudicating guilt also specifically included a designation of court costs of $240. Accompanying that judgment in the clerk's record on appeal are three pages that purport to be a "cost bill assessment" and contain specific amounts for several kinds of costs. Those pages also contain a stamp and the signature of a deputy district clerk and are dated "11/7/12," which is several weeks after the September 20, 2012 date on which the trial judge signed the judgment adjudicating guilt.

On original submission, appellant argued that the judgment reflected court costs that were not substantiated by the record. We agreed and modified the judgment to delete the specific amount of costs assessed. *Perez v. State*, No. 14-12-00893-CR; 2013 WL 1789806 (Tex. App.—Houston [14th Dist.] April 25, 2013) (mem. op. not designated for publication) *reversed and remanded in part and dismissed in part Perez v. State*, No. PD-0498-13; 2014 WL 941571 (Tex. Crim. App. Mar. 12, 2014).

On petition for discretionary review, the Court of Criminal Appeals held that appellant waived his challenge to the original $203 assessed in the deferred adjudication order, and dismissed that portion of his appeal. *Perez*, 2014 WL 941571 at *5. The court further held that this court had jurisdiction to address "only $37 of appellant's challenge to the assessment of $240 in court costs." *Id.* The court reversed this portion of our judgment and remanded for consideration of the remaining $37 in court costs pursuant to *Johnson v. State*, No. PD-0193-13, 2014 WL 714736 (Tex. Crim. App. Feb. 26, 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at *2. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id.* at *5; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Johnson*, 2014 WL 714736, at *5. The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk. *See id.* at *4. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports $37 of the costs assessed in the judgment. *Id.* at *8.

On remand, we affirm the trial court's assessment of the $37 in costs associated with the adjudication of appellant's guilt.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).