

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00017-CR

**CESAR MANAEN DOSKOCIL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F41951

## MEMORANDUM OPINION

In 2008, Cesar Manaen Doskocil pled guilty to three counts of aggravated sexual assault of a child and was placed on deferred adjudication community supervision for a period of 10 years. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2013). The State filed an amended motion to adjudicate Doskocil in 2013, alleging nine violations of his community supervision. Doskocil pled true to four of those violations, and after a contested hearing, the trial court revoked Doskocil's deferred adjudication community supervision. Because Doskocil cannot now raise an issue relating to the underlying plea

proceeding and because Doskocil pled true to four alleged violations of his community supervision, the trial court's judgment is affirmed.

Doskocil first complains that the trial court did not admonish him regarding the consequences of being placed on deferred adjudication when Doskocil originally pled guilty. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-662 (Tex. Crim. App. 1999). *See also Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014) (court costs); *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (attorney's fees). Doskocil was placed on deferred adjudication community supervision on March 7, 2008. He did not appeal.[1] Accordingly, Doskocil may not now raise an issue regarding the original plea proceeding in this appeal, and his first issue is overruled.

Doskocil next complains about the trial court's finding of true to each violation of deferred adjudication community supervision alleged by the State. Doskocil pled true to four of the State's nine alleged violations of community supervision. An appellant's plea of true, standing alone, is sufficient to support the revocation of community

---

[1] Further, he waived his right to appeal; and, because he pled guilty, the trial court certified that Doskocil had no right to appeal.

supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Accordingly,

Doskocil's issues two through ten are overruled.[2]

Having overruled each issue on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 24, 2014
Do not publish
[CRPM]

---

[2] In each of these issues, Doskocil also asserts that the State was proceeding only on Count 1 of the underlying judgment and, therefore, the trial court erred in revoking Doskocil's community supervision as to Counts 3 and 4. Doskocil's assertion is without merit. The record indicates that the State's amended motion to proceed indicates that revocation is being pursued in "CAUSE NO. F41951 COUNTS 1, 3, 4." Further, immediately prior to the hearing on the State's amended motion to revoke, the State made it clear to Doskocil's counsel that the motion covered Counts 1, 3, and 4. After the clarification, Doskocil pled true to four of the nine violations alleged by the State.