**Opinion issued October 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00361-CR

———————————

## MANUEL SANTOS MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1216791**

## MEMORANDUM OPINION

Miguel Santos Martinez appeals the trial court's judgment adjudicating him guilty of the offense of possession of a controlled substance and sentencing him to 35 years in prison. In his opening brief, Martinez identified two appellate issues:

(1) he asserted the evidence was insufficient to support the trial court's finding underlying its decision to grant the State's motion to adjudicate his guilt, and (2) he claimed that the evidence was not sufficient to support the trial court's assessment of $350 in court costs against him.

On original submission, we overruled both of Martinez's issues; however, we modified the trial court's judgment, changing the amount of court costs assessed against Appellant from $350 to $219. *Martinez v. State*, 01–12–00361–CR, 2013 WL 3957698, at *4, *6 (Tex. App.—Houston [1st Dist.] July 30, 2013, pet. granted) (*Martinez I*). The Court of Criminal Appeals granted the State's petition for discretionary review, which challenged our modification of the court costs. *Martinez v. State*, No. PD–1078–13, 2014 WL 1512956, at *1 (Tex. Crim. App. Apr. 14, 2014) (*Martinez II*). The court vacated our judgment, and remanded the case to us "in light of [its] opinions" in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014) and *Perez v. State*, 424 S.W.3d 81 (Tex. Crim. App. 2014). The court refused Martinez's petition for discretionary review. *Martinez II*, 2014 WL 1512956, at *1.

We affirm.

## Background

The Court of Criminal Appeals has limited the remand of this case to the court costs issue. For that reason, we confine our background discussion to the facts pertinent to the costs issue.

On July 7, 2009, the trial court signed an order of deferred adjudication, placing Martinez on deferred adjudication community supervision for the offense of possession of a controlled substance. The order also assessed $253 in court costs against Martinez. As a condition of his community supervision, Martinez was ordered to pay the courts costs at a rate of $20 per month. Martinez did not timely appeal from the deferred-adjudication order.

The State later filed a motion to adjudicate appellant's guilt, asserting that appellant had violated the conditions of his community supervision by committing the offense of burglary of a habitation. The State also alleged that appellant had failed to pay court costs as ordered.

Following an evidentiary hearing, the trial court found the State's allegation that appellant had violated the conditions of his community supervision by committing the offense of burglary of a habitation to be true. The court found the State's allegation that appellant had not paid court-ordered court costs was not true because the State had not offered evidence to support that allegation.

The trial court adjudicated Martinez's guilt and sentenced him to 35 years in prison. In its April 10, 2012 judgment, the trial court also ordered appellant to pay court costs of $350.00. Martinez appealed the judgment, challenging the sufficiency of the evidence (1) underlying the trial court's decision to adjudicate his guilt and (2) underlying the assessment of $350 in court costs.

A bill of costs, filed by the district clerk's office in a supplemental clerk's record, itemized court costs totaling $365. The bill of costs bears a stamp and the signature of the deputy district clerk dated February 8, 2013. The costs bill also contained an entry indicating that $146 was "amount previously paid"; however, there is no indication of the date on which that sum was paid. At its end, the costs bill stated that the total amount owed was $219, presumably deriving from the $365 total court costs less the $146 previously paid.

On appeal, we overruled Martinez's appellate challenges to the sufficiency of the evidence to support his conviction for possession of a controlled substance and to support the assessment of court costs. In our analysis, we determined that each of the court costs itemized in the costs bill, which together totaled $365, was supported by a statutory basis for assessing each cost against Martinez. Thus, the trial court's assessment of $350 in its April 10, 2012 judgment was grounded on statutory bases. However, we modified the trial court's judgment to reflect the bill of costs' "total amount owed" of $219, which incorporated the $146 "amount

4

previously paid." *Martinez I*, 2013 WL 3957698, at *6. We noted, "We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See id.* (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)).

Martinez filed a petition for discretionary review in the Court of Criminal Appeals, challenging his conviction. The State also filed a petition for discretionary review regarding the costs issue. The Court of Criminal Appeals refused Martinez's petition for discretionary review but granted that of the State. *Martinez II*, 2014 WL 1512956, at *1.

In its opinion, the Court of Criminal Appeals stated that it had recently handed down its opinions in *Johnson* and *Perez* in which it "set forth a roadmap for resolving questions regarding court costs." *Id.* The court noted that, in the instant case, this Court "did not have the benefit of our opinions in *Johnson* and *Perez*." *Id.* The Court of Criminal Appeals remanded this case to us "in light of our opinions in *Johnson* and *Perez*." *Id.*

## Analysis

In *Perez*, the appellant, Perez, asserted that there was insufficient evidence to support the $240 in court costs designated in the 2012 judgment adjudicating his guilt. *Perez*, 424 S.W.3d at 82. By way of background, the court explained that $203 of the $240 had been costs assessed against Perez in the trial court's 2008

5

order of deferred adjudication. *Id.* The court stated that Perez had not timely appealed the assessment of $203 in costs found in the 2008 deferred-adjudication order. *Id.* at 85. Instead, Perez had waited and appealed the $203 in costs as part of his appeal of the $240 in costs designated in the 2012 judgment adjudicating his guilt. *Id.* at 82.

The *Perez* court concluded, "Since appellant failed to challenge the $203 assessment of costs in a timely appeal of that deferred adjudication order and thus forfeited any appellate complaint as to that sum, the instant, timely, appeal properly challenges only the $37 of court costs that were added to the initial $203." *Id.* The court held, "Thus the court of appeals had jurisdiction to address only $37 of appellant's challenge to the assessment of $240 in court costs." *Id.* The court explained that any challenge to the $203 in costs assessed in the deferred-adjudication order should have been made in a timely appeal from that order. *Id.*

Here, the record reflects that the trial court assessed $253 in court costs against Martinez in its 2009 deferred-adjudication order. There is no indication that Martinez timely appealed from that order. Thus, he has forfeited his appellate complaint as to that sum. *See id.*

Martinez now timely appeals the trial court's April 10, 2012 judgment adjudicating his guilt. The judgment contains a designation of court costs of $350, including the $253 initially assessed against Martinez. Because Martinez did not

6

challenge the $253 assessment of costs in a timely appeal of the deferred-adjudication order, and thus, forfeited any appellate complaint regarding that sum, we conclude that the instant, timely, appeal properly challenges only $97 of court costs. *See id.* This represents the amount added to the initial $253 to reach court costs of $350 designated in the 2012 judgment. *See id.* Accordingly, we hold that we have jurisdiction to address only $97 of Martinez's challenge to the assessment of $350 in court costs.

As required by the Court of Criminal Appeals in *Johnson*, "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson*, 423 S.W.3d at 390. "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient" to support the costs assessed. *Id.* at 396. "[W]hen a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Id.* at 399.

Here, Martinez does not challenge a specific cost or the basis of the assessment of such cost. As mentioned, the bill of costs in the record itemizes

costs totaling $365.[1]  There being no challenge to any specific cost or the basis for the assessment of such cost by Martinez, the bill of costs supports $97 of the costs assessed in the judgment.[2]  *See id.*

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]  The record here contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment."  In *Johnson*, the Court of Criminal Appeals held that a JIMS report satisfied the statutory requirements for a bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk.  *Johnson v. State*, 423 S.W.3d 385, 393 (Tex. Crim. App. 2014).  Here, the JIMS Cost Bill Assessment also satisfies the requirements to be a bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk.  *See id.*

[2]  Martinez requests that we modify the trial court's judgment to reflect, as the bill of costs indicates, that $146 of the costs have been paid.  Given our limited jurisdiction over the costs designated in the trial court's judgment, it would not be appropriate for us to do so.  We also note that the record does not indicate whether the $146 was paid before or after the trial court rendered its 2012 judgment designating $350 in court costs.  And we trust that any costs that have been paid will be accounted for administratively.