

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00336-CR

IBRANE D. BAREFIELD                                                     APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1347073D

----------

## MEMORANDUM OPINION[1]

----------

After a three-day bench trial, the trial court found Appellant Ibrane D. Barefield guilty of sexual assault and, after finding the allegations in the two enhancement paragraphs true, sentenced him to forty-five years' confinement. In two points, Appellant argues that the trial court erred by assessing a $250 "DNA Testing Fee" and by assessing a $50 "PO Arrest Fee." We modify the

----

[1]See Tex. R. App. P. 47.4.

judgment to delete the $50 "PO Arrest Fee" from the award of court costs. As modified, we affirm the trial court's judgment.

## The $250 "DNA Testing Fee"

In Appellant's first point, he contends that article 102.020(a)(1) of the Texas Code of Criminal Procedure, which authorized the $250 "DNA Testing Fee," is facially unconstitutional.[2] Tex. Code Crim. Proc. Ann. art. 102.020(a)(1) (West Supp. 2015). Appellant relies on *Peraza v. State* and the arguments made therein to support his argument. 457 S.W.3d 134 (Tex. App.—Houston [1st Dist.] 2014), *rev'd*, 467 S.W.3d 508 (Tex. Crim. App. 2015), *petition for cert. filed*, (U.S. Dec. 11, 2015) (No. 15-7367). After Appellant and the State filed their briefs in this case, however, the Texas Court of Criminal Appeals reversed the decision upon which Appellant relied and concluded that article 102.020(a)(1) is not facially unconstitutional. *Peraza*, 467 S.W.3d at 510. We overrule Appellant's first point.

## The $50 "PO Arrest Fee"

In Appellant's second point, he maintains that the $50 "PO Arrest Fee" assessed as a court cost is not supported by the record. More specifically, he argues that the $50 fee may be collected as a court cost only for services of a

---

[2]Neither complaint regarding court costs appears to have been raised at trial. However, a claim regarding court costs need not be preserved at trial to be raised for the first time on appeal. *See Perez v. State*, 424 S.W.3d 81, 84 (Tex. Crim. App. 2014); *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014).

peace officer for "executing or processing an issued arrest warrant, capias, or capias pro fine." Tex. Gov't Code Ann. § 102.021(3)(B) (West Supp. 2015). Appellant asserts that the record shows that there was no basis for an arrest because at the relevant time, he was already in custody on another offense and was never released. *See Peraza*, 457 S.W.3d at 140.[3] The State concedes that nothing in the record supports this fee and agrees that the judgment should be modified to delete this fee from the court costs. Our review of the record shows that Appellant was booked into the Tarrant County Jail on September 18, 2013, on a charge of possession of a controlled substance, that a "hold" was placed on him on October 29, 2013, for this offense, and that Appellant was never released. We sustain Appellant's second point.

The judgment shows that the total court costs were $529. The "Bill of Cost" provides a "Court Cost Breakdown" and shows that $50 for "PO Arrest Fee" was one of the fees assessed in arriving at the total amount of $529. Accordingly, we modify the judgment to reflect total court costs of $479.

### Pro Se Letter

In a pro se letter dated January 17, 2016, and filed in this court on January 21, 2016, Appellant informed the court that he has asked his attorney to file a supplemental brief to complain about additional errors and asked us not to determine his appeal until his attorney has complied with his request. Appellant

---

[3]In *Peraza*, the State conceded error regarding the $50 fee for serving a capias. *Id.*

3

is not entitled to hybrid representation; accordingly, his pro se letter presents nothing for this court to review. *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

Conclusion

Having overruled Appellant's first point and sustained his second, we modify the judgment to reflect total court costs of $479. As modified, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 11, 2016

4