# NO. 12-17-00239-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN SALINAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Juan Salinas appeals the trial court's assessment of court costs. In one issue, he argues that some of the court costs imposed on him are unconstitutional. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance in a drug free zone. Pursuant to a plea agreement with the State, Appellant pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for four years.

Thereafter, the State filed a motion to proceed to final adjudication alleging that Appellant violated certain terms and conditions of his community supervision.[1] At the hearing on the State's motion, Appellant pleaded "true" to the allegations. Ultimately, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for twelve months. This appeal followed.

---

[1] This was the State's second motion to revoke Appellant's probation. Following a previous motion to proceed to final adjudication, the court found that Appellant had violated his community supervision, found Appellant "guilty" as charged, and sentenced him to imprisonment for two years but probated the sentence and placed Appellant on community supervision for five years.

In his sole issue, Appellant argues that we should modify the trial court's judgment and withdrawal order to remove certain unconstitutional court costs.

**Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133.00 on conviction of a felony. TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2017). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id.* § 133.102(e) (West Supp. 2017); *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017).

In *Salinas*, the court of criminal appeals held the statute to be unconstitutional with respect to two of these accounts—an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See Salinas*, 523 S.W.3d at 105. As a result, the court set forth that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *See id.* The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if that petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review or (2) a defendant whose trial ends after the mandate in *Salinas* issues. *See id.* at 112–13.

**Discussion**

The State argues that Appellant waived his right to consideration of this issue because he failed to appeal timely the assessment of costs at the time the trial court originally rendered its order placing him on community supervision.

Where an appellant fails to file a notice of appeal within thirty days of being placed on deferred adjudication community supervision, an appeal raising issues concerning court costs after final adjudication is not timely with respect to the court costs that were assessed in the order of deferred adjudication. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 318, (Tex. Crim. App. 2013) (defendant whose community supervision was revoked forfeited challenge to the court appointed attorney fees as court costs by

failing to bring direct appeal from order originally imposing community supervision); ***Manuel v. State***, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

In the instant case, when Appellant pleaded "guilty" and was placed on deferred adjudication community supervision, he explicitly waived his right to appeal. The record further reflects that Appellant acknowledged in writing his obligation to pay court costs as a condition of his community supervision. The trial court's deferred adjudication order sets forth the amount of court costs at $708.00. Thus, we conclude that Appellant waived his right to appeal the assessment of the costs at issue. *See **Perez***, 424 S.W.3d at 85; ***Wiley***, 410 S.W.3d at 318. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered January 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2018**

**NO. 12-17-00239-CR**

**JUAN SALINAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0084-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*