# NO. 12-18-00280-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL WILSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Wilson appeals his conviction for burglary of a habitation. In his sole issue, Appellant argues that the trial court erroneously assessed a DNA testing fee as part of his court costs. We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation. Pursuant to a plea agreement with the State, he pleaded "guilty," and the trial court deferred a finding of guilt and placed him on community supervision for a term of two years. The order of deferred adjudication included a court cost assessment of $470.00, and apparently no bill of costs was generated.

Subsequently, the State filed two motions to adjudicate guilt. The trial court denied the first motion, and Appellant pleaded "true" to the allegations in the second motion. After a hearing, the trial court adjudicated Appellant "guilty" of the offense, revoked his community supervision, and assessed his punishment at imprisonment for fifteen years. The judgment adjudicating guilt included a court cost assessment of $495.00, and a bill of costs was generated. This appeal followed.

In Appellant's sole issue, he argues that the trial court erred by including a DNA testing fee among his court costs when such a fee is not statutorily authorized for the instant offense.

**Standard of Review and Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State*** 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether there is a basis for the costs. ***Id.*** "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *See **Perez v. State***, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014).

**Analysis**

Appellant argues that we should modify the judgment and withholding order in this case to delete the DNA testing fee. The State concedes that the fee is unauthorized but argues that Appellant failed to preserve his error. We agree with the State.

The bill of costs in this case includes a $250.00 cost described as "DNA Testing Fee – Sexual Offense $250." The indictment alleges Appellant entered the habitation and committed or attempted to commit an assault but not a sexual assault. The code of criminal procedure provides that a person must pay a court cost of $250.00 for DNA testing when he is convicted of an offense listed in Section 411.1471(a)(1) of the government code. TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(3) (West 2018). The offense of which Appellant was convicted—burglary with intent to commit an assault under penal code Section 30.02(a)(1) or burglary with commission of an assault under penal code Section 30.02(a)(3)—is not listed in that section. TEX. GOV'T CODE ANN. § 411.1471(a)(1) (West 2019). Therefore, the DNA testing fee assessed in this case is unauthorized.

However, in accordance with the court of criminal appeals's holding in ***Perez***, we conclude that Appellant procedurally defaulted his complaint regarding the DNA testing fee. In ***Perez***, the appellant was assessed $203.00 in court costs when placed on deferred adjudication community supervision. ***Perez***, 424 S.W.3d at 82. No bill of costs was generated at that time. ***Id.*** at 83. When the appellant's community supervision was revoked, the judgment adjudicating guilt included

2

court costs of $240.00, and a list of costs was generated. *Id.* at 82. On appeal, the appellant argued that the newly generated list of costs afforded him no opportunity to object when the costs were assessed. *Id.* He further complained that the list was not a bill of costs as required by law and that, without a proper bill of costs, the evidence was insufficient to support the cost assessment. *Id.* The court of criminal appeals observed that, even though no bill of costs was generated when the appellant was placed on community supervision, he could have appealed the imposition of the court costs in the deferred adjudication order or the specific amount of those costs. *Id.* at 86. Consequently, the court held that he procedurally defaulted his court cost complaint with respect to the $203.00 assessment and could appeal the imposition of only the remaining $37.00.[1] *Id.* at 85.

Similarly, even though no bill of costs was generated when Appellant was placed on deferred adjudication community supervision, like the appellant in *Perez*, he could have appealed the imposition of court costs or the specific amount of those costs at that time. *See id.* at 86. Therefore, by failing to raise his court cost complaint in a direct appeal from the deferred adjudication order, he procedurally defaulted his complaint with respect to the $470.00 assessment and can now appeal the imposition of only the remaining $25.00—which patently does not include the $250.00 DNA testing fee—of the court costs assessed in the judgment adjudicating guilt. *See id.* at 85. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] The court further observed that the appellant specifically waived his right of appeal when he was placed on deferred adjudication community supervision and held such waiver did not excuse his failure to appeal the court cost assessment when he was placed on deferred adjudication community supervision. *Perez*, 424 S.W.3d at 85.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2019**

**NO. 12-18-00280-CR**

**MICHAEL WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1541-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*