In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00289-CR**
_____

**CHARLES BRETT BOREN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-18230**

_____

**MEMORANDUM OPINION**

In 2013, a grand jury indicted Appellant Charles Brett Boren for delivery of a controlled substance (namely methamphetamine) in an amount of one gram or more but less than four grams, a second-degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(c). The indictment alleged as follows:

> . . . Charles Brett Boren, hereinafter styled the Defendant, on or about the 4th day of June, two thousand and thirteen, . . . did then and there intentionally and knowingly deliver by actual transfer to Shawn Wilson a controlled substance listed in Penalty Group 1 of the Texas Controlled Substances Act, namely methamphetamine, by aggregate weight,

1

including any adulterants and dilutants, in an amount of at least one (1) gram or more and less than four (4) grams[.]

In a plea agreement, Boren pleaded guilty to the offense and waived his right to a jury trial. The trial court found Boren guilty, deferred adjudication, placed Boren on community supervision for eight years, and assessed a fine of $1000.

In April 2016, the State filed a Motion to Revoke Unadjudicated Probation, and in March 2022, the State filed a First Amended Motion to Revoke Unadjudicated Probation, both alleging that Boren violated the terms of his community supervision. On June 9, 2022, the State filed a Second Amended Motion to Revoke Unadjudicated Probation, alleging Boren committed eight violations of the terms of his community supervision. At a hearing on August 4, 2022, Boren acknowledged that he had previously pleaded true to one allegation (the sixth alleged violation) in the motion to revoke, which alleged the following:

. . . Boren provided a urine sample on or about the 29th day of March, 2022, for scientific analysis that showed the presence of the metabolic by-products of Methamphetamine and Amphetamines, in violation of Condition (10) of Defendant's Deferred Adjudication order.

At the hearing, the State announced it had abandoned the first three allegations, and the State presented evidence in support of the fourth, fifth, and seventh alleged violations.[1] After hearing evidence, the trial court found Boren violated the terms of

___

[1] Although Boren does not challenge the sufficiency of the evidence supporting the trial court's finding that Boren violated the terms of his community supervision, we note that Boren pleaded "true" to one of the alleged violations of the

2

his community supervision, found him guilty of the second-degree offense of delivery of a controlled substance (namely methamphetamines), and imposed punishment at ten years' confinement. Boren timely filed an appeal. We reform the judgment in two respects: to correct a clerical error referencing the wrong subsection of Tex. Health & Safety Code Ann. § 481.112, and to eliminate surplusage on page two of the judgment referencing a fine that was not orally pronounced in Boren's sentencing hearing. Otherwise, we overrule Boren's issues and affirm the judgment as explained below.

Boren's Sentence

In issues one, two, and three, Boren argues that, according to the Order of Deferred Adjudication, Boren pleaded guilty to the offense of delivery of a controlled substance (methamphetamine) under section 481.112(b) of the Texas Health & Safety Code, a state jail felony carrying a maximum two-year sentence. Based on this premise, Boren contends that his ten-year sentence resulting from the revocation of his community supervision was reversible error because the ten-year sentence imposed was in excess of the trial court's jurisdiction, the two-year sentence had already expired when his community supervision was revoked, and that

conditions of his community supervision and proof of a single violation is sufficient to support revocation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Accordingly, we need not discuss herein the evidence submitted by the State on the fourth, fifth, and seventh alleged violations.

re-sentencing him after the first sentence expired violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

Boren's argument is premised on what appears to be clerical errors in the Order of Deferred Adjudication and in the Judgment Adjudicating Guilt. First, the Order of Deferred Adjudication erroneously lists the "Statute for Offense" as section 481.112(b) of the Health and Safety Code,[2] instead of section 481.112(c) as alleged in the indictment. Boren pleaded guilty to the indictment which tracked the language in section 481.112(c). Second, the Order of Deferred Adjudication erroneously lists the "Degree of Offense" as "State Jail Felony[,]" when an offense under 481.112(c) is a felony. *See* Tex. Health & Safety Code Ann. § 481.112(c). Third, although the Judgment Adjudicating Guilt correctly notes that the "Degree of Offense[]" is a "2nd Degree Felony[,]" the judgment then incorrectly lists the "Statute for Offense[]" as "481.112(b)" instead of "481.112(c)[.]"

Boren incorrectly assumes that these clerical errors (instead of the language of the indictment, Boren's plea of guilty to that language, and the trial court's oral pronouncement finding Boren guilty as charged), control. When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating

---

[2] Section 481.112(b) provides that "[a]n offense under Subsection (a) is a state jail felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than one gram." Tex. Health & Safety Code Ann. § 481.112(b).

guilt sets aside the order deferring adjudication. *Taylor v. State*, 131 S.W.3d 497, 501-02 (Tex. Crim. App. 2004). Further, the trial court's oral pronouncements at the revocation hearing control when they vary from the written judgment adjudicating guilt. *Id.* at 500, 502. As for the clerical error in the Judgment Adjudicating Guilt referencing the incorrect subsection of section 481.112 of the Texas Health and Safety Code for the statue of offense, this Court has the authority to reform the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We therefore reform the trial court's Judgment Adjudicating Guilt to delete "481.112(b)" as the "Statute for Offense[]" and substitute "481.112(c)." We overrule issues one, two, and three.

One Thousand Dollar Fine

In issue four, Boren argues that the trial court abused its discretion in assessing a $1000 fine because there was no oral pronouncement of a fine at the revocation proceeding, and the judgment should be reformed to delete the fine. In issue five, Boren argues that it was reversible error to impose the fine when the fine was not orally pronounced and because Boren was indigent. In issue six, Boren challenges the legal sufficiency of the evidence at the revocation proceeding supporting the fine because there was no oral pronouncement of the fine at revocation. In issue seven, he argues that the judgment adjudicating guilt should be reformed to delete the fine

or, in the alternative, that the judgment should be reversed, and the cause remanded for further proceedings.

No fine is stated on the first page of the Judgment Adjudicating Guilt. We agree that the trial court did not orally pronounce a fine at the time of revocation. Boren appears to assert that the following language at the top of page two of the judgment imposes a $1000 fine:

> After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of EIGHT (8) YEARS; (4) The Court assessed a fine of $1000.00; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows:
> CONDITION: TEN (10)
>
> Accordingly, the Court GRANTS the State's Motion to Adjudicate. FINDING that the Defendant committed the offense indicated above, the Court ADJUDGES Defendant GUILTY of the offense. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.
>
> The Court ORDERS Defendant punished as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above.

6

The judgment then reflects "Confinement in State Jail of Institutional Division" as the "Punishment Option[]" selected, and under the section titled "Fines Imposed Include[,]" no specific fine is selected.

The trial court included the words "(4) The Court assessed a fine of $1000.00[]" as the fine imposed at the time of the deferred adjudication, and as part of its summary of the procedural history of the case. We conclude these words are surplusage and we reform the judgment to delete the language "(4) The Court assessed a fine of $1000.00" on the top of page two of the judgment. We sustain issue four in part, and we need not address issues five, six, and seven. *See* Tex. R. App. P. 43.2(b); *Valdez v. State*, No. 09-22-00148-CR, 2022 Tex. App. LEXIS 8915, at **5-7 (Tex. App.—Beaumont Dec. 7, 2022, no pet.) (mem. op., not designated for publication) (reforming judgment to delete almost identical surplusage).

## Assessment of Certain Fees

In issues eight, nine, and ten, Boren argues the trial court violated the Eighth Amendment and the Separation of Powers Clause of the U.S. Constitution by assessing fees and costs that have been repealed, and that the trial court violated the Eighth Amendment and abused its discretion by imposing "fees and expenses" that have been repealed. Specifically, Boren argues that the $133 itemized charge for the "State of Texas – (§133.102 CCP)" on the "District Court Commitment" that itemizes total fines and costs was an error because the "comprehensive

7

rehabilitation" and "abused children's counseling[]" charges that he asserts must have been a part of the $133 charge and were "outlawed by *Salinas v. State*, 523 S.W.3d 103 (Tex. Crim. App. 2017)], and that the $133 cost should be "reduced to $119.93, after removing charges for these two accounts outlawed by *Salinas*[.]" He also argues that the Crime Stopper's Fee of $50 assessed should be reimbursed.

In *Salinas v. State*, the Court of Criminal Appeals determined that two of the accounts listed in section 133.102(e) of the Texas Local Government Code, violated the separation-of-powers clause of the Texas Constitution because they were not related to a legitimate criminal-justice purpose and were instead more accurately characterized as a tax. *See Salinas*, 523 S.W.3d at 108-10 (striking down subsections (e)(1) and (e)(6), which allocated portions of the $133 court cost to comprehensive rehabilitation and abused children's counseling). The remedy in *Salinas* was to modify the judgment to reduce the $133 consolidated court cost to $119.93 to delete the unconstitutional portions of the fee. *Id.* at 110-11.

However, the *Salinas* Court limited the application of its decision to only certain defendants: (1) those who had raised the appropriate claim in a petition for discretionary review filed before, and still pending on, the date of the court's opinion, and (2) those whose trials end after the court's mandate in Salinas issued. *Id.* at 111-13. The Court further stated that if the Legislature redirected the funds in subsections (e)(1) and (e)(6) to a legitimate criminal-justice purpose, then trial courts

8

could continue to collect the entire consolidated court cost. *Id.* at 113 n.54. The Court noted that, if the Legislature amended the statute before the mandate in *Salinas* issued, "the only cases that will be affected by this opinion will be the few that are now pending in this Court and are appropriate for relief." *Id.*

The Legislature amended the statute before the mandate issued in *Salinas* and deleted former subsections (e)(1) and (e)(6) and redirected those funds to the fair defense account in former subsection (e)(14) (now subsection (e)(12)). *See* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen Laws 463 (codified at Tex. Loc. Gov't Code Ann. § 133.102(e)). That amendment went into effect on June 15, 2017, before the mandate issued in *Salinas* on June 30, 2017. *Id.*; *see Garrett v. State*, No. 03-17-00031-CR, 2017 Tex. App. LEXIS 8289, at **3-4 (Tex. App.—Austin Aug. 31, 2017, no pet.) (mem. op., not designated for publication) (observing that effective date of amendment preceded the date of the *Salinas* mandate and noting impact on imposition of consolidated court cost fee pursuant to amended consolidated fee statute); *Hurtado v. State*, No. 02-16-00436-CR, 2017 Tex. App. LEXIS 7034, at **2-4 (Tex. App.—Fort Worth July 27, 2017, no pet.) (mem. op., not designated for publication) (same).

In the present case, the bill of costs shows that the $133 consolidated court costs fee was assessed upon appellant's adjudication of guilt on August 4, 2022—after the effective date of the amended statute, which preceded the issuance of the

9

*Salinas* mandate. Because the Legislature timely amended the consolidated fee statute, the trial court was authorized to impose the entire consolidated court cost fee as provided under section 133.102(a). *See Salinas*, 523 S.W.3d at 113 n.54. Accordingly, the court's holding in *Salinas* does not apply here. *See id.* The trial court properly imposed the $133 consolidated court costs fee.

As for the $50 Crime Stopper's Fee that Boren complains of, the bill of costs upon revocation does not reflect such a fee was assessed. To the extent Boren is challenging the court costs imposed when the trial court deferred his adjudication of guilt and placed him on community supervision, Boren waived that right when he failed to file a timely appeal from the order the trial court used when it placed him on deferred adjudication. *See Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014) (failing to file a timely appeal of the assessment of costs in deferred-adjudication order forfeits "any appellate complaint" regarding those costs). We overrule issues eight, nine, and ten.

### Credit for Time Served

In issue eleven, Boren argues the trial court erred in not awarding Boren "full time credit for his time spent undergoing rehabilitation with Cenikor" as part of Boren's sentence. Boren acknowledges that the Judgment Adjudicating Guilt credited him with 921 days for the dates set out in the judgment, but he argues that he was not credited for time spent participating in Cenikor for "at least the period

running from December 15, 2015 through December 16, 2016" and for time that may not have been credited him for successfully completing a substance abuse felony punishment facility (SAFPF) program.[3]

Boren was entitled to receive credit for time spent in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under section 493.009 of the Texas Government Code or any other court ordered residential program or facility as a condition of his deferred adjudication community supervision granted if Boren successfully completed the treatment program at that facility. *See* Tex. Code Crim. Proc. Ann. arts. 42.03, § 2(a)(2), 42A.755(d). We have authority to modify the trial court's judgment to make the record speak the truth when we have the necessary data and information to do so. *See* Tex. R. App. P. 43.2(b); *see also Warren v. State*, No. 12-17-00363-CR, 2018 Tex. App. LEXIS 3674, at *3 (Tex. App.—Tyler May 23, 2018, no pet.) (mem. op., not designated for publication) (because the appellate court had the necessary information, it modified the judgment to credit appellant for dates the record showed appellant spent in SAFPF that had not been credited in the judgment). In this case, however, the record does not establish that Boren successfully completed treatment at Cenikor. Also, Boren has not established, nor does the record reflect, the specific dates that he spent

---

[3] On appeal, Boren does not state what dates he participated in a SAFPF program, but he states he "may have been partially credited[]" for time spent in that program.

in SAFPF that were not included in the time credited in the Judgment Adjudicating Guilt. Accordingly, we overrule issue eleven.

Drug Treatment

In issues twelve, thirteen, and fourteen, Boren argues that, instead of sentencing Boren to prison, the trial court should have evaluated drug treatment or rehabilitation alternatives for Boren because he was a non-violent offender with chronic diabetes, "high security" drug treatment was appropriate because he was "consistently an informant[,]" and that Boren has a "right to treatment in the least restrictive alternative environment[.]"

Once sufficient evidence is presented of a violation of a community service condition, the trial court has broad discretion in choosing whether to continue, modify, or revoke the community supervision. Tex. Code Crim. Proc. Ann. arts. 42A.751(d), 42A.752(a), 42A.755(a); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979). Boren pleaded "true" to the sixth alleged violation of the conditions of his community supervision. Because a plea of "true" to any one violation will support revocation of community supervision, revocation was within the trial court's discretion.[4] *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim.

---

[4] As noted herein, the trial court, after hearing evidence, found "true" three of the other alleged violations (the fourth, fifth, and seventh alleged violations) that were not abandoned by the State. On appeal, Boren does not challenge those findings.

App. 2015); *Garcia*, 387 S.W.3d at 26. And the sentence imposed was within the range provided in the Penal Code for this offense. *See* Tex. Penal Code Ann. § 12.33(a) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."). We overrule issues twelve, thirteen, and fourteen.

To summarize, we reform the Judgment to reference Health and Safety Code section 481.112(c), rather than section 481.112(b). We further reform the judgment to delete the language "(4) The Court assessed a fine of $1000.00" on the top of page two of the judgment. Otherwise, we affirm the trial court's judgment as reformed.

AFFIRMED AS REFORMED.

LEANNE JOHNSON
Justice

Submitted on June 30, 2023
Opinion Delivered September 13, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.