# NO. 12-17-00351-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARIEN DONIE WILSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Darian Wilson appeals the trial court's assessment of court costs following the revocation of his community supervision. In one issue, he argues that some of the court costs imposed on him are not supported by sufficient evidence. We affirm.

### BACKGROUND

Appellant was charged by indictment with burglary of a building. Pursuant to a plea agreement with the State, Appellant pleaded "guilty." The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for two years, but suspended Appellant's sentence and placed him on community supervision for five years.

Thereafter, the State filed a motion to proceed to final adjudication alleging that Appellant violated certain terms and conditions of his community supervision. At the hearing on the State's motion, Appellant pleaded "true" to the allegations. Ultimately, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for nine months. This appeal followed.

### COURT COSTS

In his sole issue, Appellant argues that we should modify the trial court's judgment and withdrawal order to remove certain court costs. Specifically, Appellant contends that the

evidence does not support his obligation to pay court costs for "DNA Test Fee - Sexual Offense."

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 382 (Tex. App.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, 405 S.W.3d 350, 353 (Tex. App.–Tyler 2013, no pet.).

**Discussion**

Where an appellant fails to file a notice of appeal within thirty days of being placed on community supervision, an appeal raising issues concerning court costs after final adjudication is not timely with respect to the court costs that were assessed in the order of deferred adjudication. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (defendant whose community supervision was revoked forfeited challenge to the court appointed attorney fees as court costs by failing to bring direct appeal from order originally imposing community supervision); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

In the instant case, when Appellant pleaded "guilty," received a probated sentence, and was placed on community supervision, he expressly waived in writing his right to appeal. The record further reflects that Appellant acknowledged in writing his obligation to pay court costs as a condition of his community supervision. When the trial court sentenced Appellant, it informed him that he would be responsible for repaying court costs. Moreover, the trial court's judgment of conviction sets forth the amount of court costs at $539.00. Thus, we conclude that Appellant waived his right to appeal the assessment of the costs at issue. *See Perez*, 424 S.W.3d at 85; *Wiley*, 410 S.W.3d at 318; *see also Salinas v. State*, No. 12-17-00230-CR, 2018 WL 268887, *2 (Tex. App.–Tyler Jan. 3, 2018, no pet.) (mem. op., not designated for publication). Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.


<u>**GREG NEELEY**</u>
Justice



Opinion delivered March 21, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 21, 2018**

**NO. 12-17-00351-CR**

**DARIEN DONIE WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1280-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*