

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00024-CR

KENNETH RAY MARTINSKY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27616

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

After Kenneth Ray Martinsky, Jr., pled guilty to continuous violence against the family,[1] his adjudication of guilt was deferred. He was placed on five years' community supervision and assessed "Court Costs and Attorney fees" of $633.00. Ten months later, Martinsky's guilt was adjudicated, his community supervision was revoked, and he was sentenced to five years' imprisonment and assessed $633.00 in court costs and attorney fees originally imposed when he was placed on community supervision. On appeal, Martinsky contends that there was insufficient evidence of his ability to pay the court costs, which includes $350.00 in court-appointed attorney fees. Because we find that Martinsky has waived his right to challenge the court costs, we affirm the trial court's judgment.

## I. Background

On April 10, 2018, Martinsky pled guilty to the charged offense under a plea bargain. On that same date, the trial court entered its Order of Deferred Adjudication, which included the assessment of $633.00 for "Court Costs and Attorney fees." Also on that date, Martinsky initialed a bill of costs prepared by the district clerk which showed costs totaling $633.00 and included court-appointed attorney fees in the amount of $350.00. Martinsky also signed the trial court's Order Suspending Imposition of Sentence and Placing Defendant on Community Supervision (CSO) verifying he understood that one of the terms of his community supervision was that he pay $350.00 in attorney fees and $283.00 in court costs.

---

[1]*See* TEX. PENAL CODE ANN. § 25.11(a) (West 2019).

In December 2018, the State filed its amended motion to proceed with an adjudication of guilt, alleging that Martinsky had violated six conditions of his community supervision. At the adjudication hearing, Martinsky pled true to two of the State's allegations. After considering the evidence, the trial court found three of the State's allegations to be true. Pursuant to its findings, the trial court entered its judgment adjudicating guilt and sentenced Martinsky to five years' imprisonment and assessed him $633.00 in "Court Costs." A bill of costs issued by the district clerk on the same date shows costs totaling $633.00, including $350.00 for court-appointed attorney fees. Except for the date of issuance, the bill of costs is identical to the one issued in April 2018.

## II. Analysis

All complaints about the imposition of court costs in an order of deferred adjudication must be asserted in a timely appeal of the deferred adjudication order. *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014). This includes insufficiency of the evidence complaints about the imposition of court-appointed attorney fees. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). A defendant with knowledge of the imposition of court costs and court-appointed attorney fees in a deferred adjudication order who fails to timely appeal from the deferred adjudication order forfeits any complaint about court costs and court-appointed attorney fees assessed in the order, and may not assert those complaints in an appeal from a judgment adjudicating his guilt. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Perez*, 424 S.W.3d at 86; *Wiley v. State*, 410 S.W.3d 313, 318, 321 (Tex. Crim. App. 2013).

Here, the $633.00 in court costs, including $350.00 for court-appointed attorney fees, was imposed in the Order of Deferred Adjudication. The record shows that, on the same date the Order of Deferred Adjudication was entered, Martinsky initialed the bill of costs and signed the CSO, both of which showed the court costs and that they included $350.00 for court-appointed attorney fees. "Under these circumstances, the presumption of regularity applies,[2] and we must conclude that [Martinsky] was aware of the requirement that he pay court costs, including the cost of court appointed attorney fees." *Wiley*, 410 S.W.3d at 320–21. As a result, he would have known to challenge the court costs and attorney fees by direct appeal from the Order of Deferred Adjudication. By failing to do so, he waived his right to appeal his complaint. *Riles*, 452 S.W.3d at 338; *Wiley*, 410 S.W.3d at 321. We, therefore, overrule Martinsky's sole issue.

## III. Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     May 20, 2019
Date Decided:      May 21, 2019

Do Not Publish

---

[2]*See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g) (appellate courts "indulge every presumption in favor of the regularity of documents in the trial court").