

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00467-CR

———————————————

ANGEL RUTH BROOKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13870

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Angel Ruth Brooker appeals the trial court's judgment adjudicating her guilt. We affirm the judgment as modified.

In 2017, Brooker was indicted for fraudulent use or possession of identifying information[1] and for possession of methamphetamine.[2] Pursuant to a plea agreement, she pleaded guilty in exchange for the dismissal of the methamphetamine charge and six years' deferred adjudication and a $1,500 fine for the identifying-information charge.

In May of 2018, the State moved to adjudicate guilt, alleging that Brooker had violated multiple terms of her community supervision. Brooker pleaded true to the State's allegations. The trial court adopted the State's recommendation to continue Brooker's community supervision while modifying her conditions to include, *inter alia*, a sixty-day jail sanction, a period of confinement in an intermediate sanction facility, and the extension of community supervision for an additional four years.

Brooker was released from the intermediate sanction facility on February 6, 2019. The State filed another motion to adjudicate guilt on August 27, 2019. At the hearing on the State's motion, Brooker pleaded true to the following allegations, each of which violated the conditions of her community supervision:

---

[1]Tex. Penal Code Ann. § 32.51(b)(1), (c)(4).

[2]Tex. Health & Safety Code Ann. §§ 481.102(6), 481.115(b).

2

- Failure to report on May 30, 2019; June 13, 2019; and from July through August 2019;

- Failure to report via mail in April 2019 and from June through August 2019;

- Failure to pay fines and court costs from April through August 2019;

- Failure to pay community-supervision fees from April through August 2019;

- Failure to complete community-service hours from April through August 2019;

- Failure to pay court costs in May 2019 and June 2019;

- Failure to pay attorney's fees from May through August 2019;

- Failure to pay restitution in April 2019.

The trial court heard testimony from Brooker's probation officer, who recommended revocation, and her mother, who asked the court to place Brooker in a substance abuse felony punishment facility.

At the conclusion of the hearing, the trial court revoked Brooker's community supervision, adjudicated her guilt for fraudulent use or possession of identifying information, and sentenced her to twenty-five years' confinement. Brooker appealed.

Brooker's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87

S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel provided Brooker with copies of the motion to withdraw and the *Anders* brief, informed Brooker of her right to file a pro se response and her right to seek discretionary review pro se should this court deny relief, and sent Brooker a copy of the appellate record for her reference. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Brooker the opportunity to file a response or a brief, but she did not do so.

In the *Anders* context, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Jury v. State*, 472 S.W.3d 880, 880 (Tex. App.—Fort Worth 2015, no pet.) (mem. op.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. After reviewing the itemized bill of costs, we conclude that there is no statutory authority authorizing the $30 assessed as a "Motion to Proceed/Revoke Fee[s]."[3] *See Ethridge v. State*, No. 02-19-00146-CR, 2019 WL 5792661, at *1 (Tex. App.—Fort Worth Nov. 7, 2019, no pet.)

---

[3]To the extent that there are any other cost discrepancies in connection with the initial imposition of community supervision, Brooker could not challenge these costs on appeal from revocation, *see Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Perez v. State*, 424 S.W.3d 81, 85–86 (Tex. Crim. App. 2014), and "we need not put her in a better position simply because her attorney filed an *Anders* brief." *Holderby v. State*, No. 02-19-00348-CR, 2020 WL 1173707, at *1 n.1 (Tex. App.—Fort Worth Mar. 12, 2020, no pet.) (per curiam) (mem. op., not designated for publication).

4

(per curiam) (mem. op., not designated for publication); *Thiebaud v. State*, No. 02-18-00173-CR, 2019 WL 983747, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (per curiam) (mem. op., not designated for publication).  Because only statutorily authorized court costs may be assessed against a criminal defendant, we modify the judgment, the incorporated order to withdraw funds, and the bill of costs to delete this $30, leaving $951 as the total balance due.  *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Thiebaud*, 2019 WL 983747, at *2.

Except for the improperly imposed fees, we agree with counsel that this appeal is wholly without merit; we find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 22, 2020