

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00104-CR
No. 02-21-00105-CR

_____

MANUEL CRIADO, Appellant

V.

THE STATE OF TEXAS

On Appeal from 371st District Court
Tarrant County, Texas
Trial Court Nos. 1590485D, 1590490D

Before Justices Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

In two cases, the trial court granted the State's motions to proceed to an adjudication, found appellant Manuel Criado guilty of both offenses, and sentenced him to seven years' imprisonment in each case with the two sentences to run concurrently. Criado appealed both convictions. On appeal, Criado's appointed appellate counsel filed motions to withdraw and briefs in support of those motions because he determined that Criado's appeals were frivolous. After reviewing counsel's briefs, the record, and Criado's responses, we agree that the appeals are frivolous.

We note, however, that both judgments contain clerical error. We modify both judgments to reflect that Criado pleaded "not true" to the allegations in the State's petitions to proceed to an adjudication and to delete the language "open to the court" and "open plea to the court."

We grant counsel's motions to withdraw, modify the judgments as set out above, and, as modified, we affirm the trial court's judgments.

## II. BACKGROUND

### A. Tampering with Evidence

In trial court cause number 1590485D (appellate cause number 02-21-00104-CR), the State indicted Criado for the third-degree felony offense of tampering with or fabricating physical evidence. *See* Tex. Penal Code Ann. § 37.09(a), (c). This indictment also contained a habitual offender notice in which the State alleged that

2

Criado had committed two prior felonies, both driving while intoxicated–felony repetition, one in 2005 and the other in 1993. With the enhancements, Criado was facing a sentence of life or for any term of years of not more than 99 years or less than 25 years. *See id.* § 12.42(d).

## B. Possession of a Controlled Substance

In trial court cause number 1590490D (appellate cause number 02-21-00105-CR), in count one, the State indicted Criado for the first-degree felony offense of possession with intent to deliver a controlled substance (methamphetamine) of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(d). And in count two, the State alleged that Criado had committed the second-degree felony offense of possession of a controlled substance (methamphetamine) of four grams or more but less than 200 grams. *See id.* § 481.115(d). This indictment also contained a habitual offender notice in which the State alleged that Criado had committed the same two prior felonies alleged in the companion case. And like the companion case, with the enhancements, Criado was facing a sentence of life or for any term of years of not more than 99 years or less than 25 years. *See* Tex. Penal Code Ann. § 12.42(d).

## C. Deferred Adjudication Community Supervision

The trial court heard both cases on April 6, 2019. On the tampering-with-evidence charge, Criado pleaded guilty to the offense and true to the habitual offender notice and was placed on deferred adjudication community supervision for five years.

And in the drug case, the State waived the first count (the first-degree felony offense of possession with intent to deliver), Criado pleaded true to the second count (the second-degree felony offense of possession) and true to the habitual offender notice, and the trial court placed him on deferred adjudication community supervision for five years. *See* Tex. Health & Safety Code Ann. § 481.115(d).

## D. Petitions to Adjudicate

In both cases, on June 30, 2021, the State filed its second amended petition to proceed to an adjudication. And in both petitions, the State made the identical allegations:

> The State would show to the Court that said Defendant, thereafter, during the effective period of said deferred adjudication community supervision, violated the terms and conditions of said supervision in that the:
>
> 1. Defendant failed to report at any time during the month(s) of August 2020 through March 2021, as instructed by the Court or the supervision officer.
>
> 2. Defendant failed to provide a urine sample on or about June 12, 2020, June 16, 2020, June 17, 2020 and July 21, 2020, as instructed by the supervision officer or the Court.
>
> 3. Defendant INTENTIONALLY GAVE A FALSE OR FICTITIOUS NAME OR DATE OF BIRTH, NAMELY MANUEL AGUIRRE, DATE OF BIRTH: MARCH 6, 1973, TO A. SANTENEN, A PERSON THE DEFENDANT KNEW TO BE A PEACE OFFICER WHO HAD LAWFULLY ARRESTED OR DETAINED THE DEFENDANT, AND AT THE TIME THE DEFENDANT COMMITTED THE SAID OFFENSE, THE DEFENDANT WAS A FUGITIVE FROM JUSTICE, . . . .

4

## E. Hearing on Petitions to Adjudicate

At the hearing on the State's petitions, Criado pleaded not true to the State's allegations. When testifying, though, Criado admitted that he did not have a good reason not to call probation for eight months; admitted that he had been using methamphetamine "[p]robably every day," from which the trial court could have reasonably inferred a motive for his not submitting urine samples; and admitted giving the police officer false information about his identity. The officer testified that he had learned that Criado had an active warrant at the time. Criado also admitted having been to prison twice before. And for at least one of the driving-while-intoxicated convictions, Criado admitted having been initially placed on community supervision. Although Criado gave explanations for his noncompliance, the trial court stated on the record that it did not find Criado's testimony credible. The trial court found all three allegations true and found Criado guilty in both cases.

Before the trial court assessed punishment, the State waived the habitual offender notices. This meant that for the third-degree felony offense, Criado faced a punishment range of imprisonment of not more than ten years or less than two years and a fine not to exceed $10,000, *see* Tex. Penal Code Ann. § 12.34, and for the second-degree felony offense, he faced a punishment range of not more than twenty years or less than two years and a fine not to exceed $10,000, *see id.* § 12.33.

Before assessing punishment, the trial court asked Criado whether he would prefer in-patient drug treatment or imprisonment. Reasoning that it would take

5

longer to complete in-patient care than it would to get paroled, Criado opted for imprisonment.

During argument, the State asked for a minimum sentence of fifteen years for the second-degree felony. Instead, the trial court opted for seven-year sentences for each offense and, further, ordered that they run concurrently.

## F. *Anders* briefs

In the possession case, on October 18, 2021, Criado's court-appointed appellate counsel filed both a motion to withdraw and a brief in support of the motion asserting that Criado's appeal was frivolous.[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). And four days later in the companion appeal—the tampering case—Criado's court-appointed appellate counsel filed both a motion to withdraw and a brief in support of the motion asserting that Criado's appeal was frivolous.[2] *See id.*

---

[1]The October 18, 2021 motion to withdraw bears the wrong cause number (02-21-00104-CR) but correctly addresses the possession case (02-21-00105-CR). The October 18, 2021 brief has the correct appellate cause number (02-21-00105-CR).

[2]The October 22, 2021 motion to withdraw bears the correct cause number (02-21-00104-CR) but addresses the possession case (02-21-00105-CR). The October 22, 2021 brief bears the wrong cause number (02-21-00105-CR) but addresses the tampering case (02-21-00104-CR). Given the parallel nature of these two appeals, we hold that these errors are harmless. *See* Tex. R. App. P. 44.2(b).

## G.  Criado's First Response to the *Anders* briefs

On December 8, 2021, Criado filed a four-page response in which he complained about his trial and appellate counsel.

## H.  State's Response to the *Anders* briefs and Reply to Criado's Response

The State filed a letter on December 10, 2021, in which it agreed with Criado's appellate counsel that Criado had no meritorious grounds to advance on appeal.  It also asserted that Criado, in his pro se response, had not presented any arguable grounds for relief.

## I.  Criado Files Second, Third, and Fourth Responses

On February 7, 2022, Criado filed a sixty-page document in which, among other things, he complained that his appellate counsel believed that he had pleaded "true" to the allegations and asked for another appellate attorney.  Criado indicates that he apparently confronted appellate counsel about having pleaded "not true" and that appellate counsel responded by saying that Criado was supposed to have pleaded "true but."[3]  A "true but" plea appears to be criminal law vernacular for when a defendant pleads true to the State's allegations but argues mitigating circumstances or requests leniency in sentencing.  *See Garrett v. State*, Nos. 02-19-00127-CR, 02-19-

---

[3]Criado included correspondence from his trial attorney in which she asserts that Criado indicated to her on four occasions that he intended to plead "true but" at the upcoming hearing.

00128-CR, 2020 WL 579105, at *1 n.1 (Tex. App.—Fort Worth Feb. 6, 2020, no pet.) (mem. op., not designated for publication).

As noted earlier, Criado pleaded not true to the State's allegations. The certificates of proceedings also show that Criado pleaded not true. The judgments, however, both reflect that Criado pleaded true and that his pleas were, respectively, "open to the court" and "open plea to the court." Although unclear, if counsel had looked strictly at the judgments before speaking or writing Criado, that might explain why counsel initially thought that Criado had pleaded "true." However, in the *Anders* briefs, counsel correctly notes that Criado pleaded "not true."

On the same date, February 7, 2022, Criado filed an eighty-four-page document and a fifty-two-page document in which he argued, among other things, that the evidence presented against him was fabricated and that his trial counsel was ineffective.

## J. State's Second Reply to Criado's Second, Third, and Fourth Responses

On March 7, 2022, the State filed another letter responding to Criado's February 7, 2022 filings in which it continued to agree with Criado's counsel that Criado had no meritorious grounds to appeal and in which it continued to assert that Criado had not presented any arguable grounds for relief.

**K. Criado's Fifth Response to the *Anders* briefs**

On March 21, 2022, Criado filed a twenty-six-page document in which he again complained about his appellate counsel and requested a different appellate attorney. He also complained about the 2019 deferred-adjudication proceedings.

## III. DISCUSSION

**A. *Anders***

The briefs and motions meet the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Criado filed responses to his counsel's *Anders* briefs, but they provide no arguable grounds for appeal.[4] The State also filed responses in which it agreed with Criado's counsel's assessment.

---

[4]Regarding trial counsel's effectiveness, Criado entered the hearing facing the possibility of two sentences of twenty-five years to life; he left the hearing with two seven-year sentences. Regarding appellate counsel, his *Anders* briefs recognized that Criado had pleaded "not true," and given Criado's testimony, not to mention the testimony of the State's witnesses, any argument that the trial court abused its discretion by revoking Criado's community supervision and proceeding to adjudications would have been frivolous.

Regarding Criado's assertion that the State presented fabricated evidence, in a revocation proceeding, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court did not find Criado to be a credible witness: "[S]ome of the things that you've told me are -- I can tell are not true, and I have found your testimony to be very incredible, meaning I don't believe it, most of it."

When an *Anders* brief is filed, in addition to the *Anders* brief, we must independently examine the appellate record and any pro se responses to determine if any arguable grounds for appeal exist. *Id.* at 408–09; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have carefully reviewed counsel's briefs, the appellate records, and Criado's responses. Finding no reversible error, we agree with counsel that these appeals are without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## B. Clerical Error

We have, however, noted clerical error in both judgments. Both incorrectly reflect that Criado pleaded true to the State's allegations in its petitions to proceed to an adjudication and that, after pleading true, he went "open" to the court for punishment.

We have the power to sua sponte correct and reform the trial court's judgment "to make the record speak the truth" when we have the necessary data and information to do so. *Munguia v. State*, 636 S.W.3d 750, 756 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). We effectively render a judgment nunc pro tunc when the written judgment does not reflect what occurred in the trial court. *Id.*

---

And as for Criado's complaints about the 2019 proceedings, he cannot bring those complaints in this appeal. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014). We further note that the 2019 proceedings were the product of plea bargains. *See* Tex. R. App. P. 25.2(a)(2).

Thus, we reform both judgments to reflect that Criado pleaded "not true" and to delete the language showing that he went open to the court on punishment after pleading true.

## IV. CONCLUSION

We grant appellate counsel's motions to withdraw in both cases.

In trial court cause number 1590485D (appellate cause number 02-21-00104-CR), we reform the judgment to reflect that Criado pleaded "not true" and to delete the language "open to the court."

In trial court cause number 1590490D (appellate cause number 02-21-00105-CR), we reform the judgment to reflect that Criado pleaded "not true" and to delete the language "open plea to the court."

As modified, we affirm the trial court's judgments.

/s/Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 9, 2022