**AFFIRMED AS MODIFIED; Opinion Filed April 4, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-22-00225-CR**

**KAMORIN GOODE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-45404-M**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Kamorin Goode appeals the judgment adjudicating him guilty of aggravated robbery. In his first issue, he challenges the inclusion of the deadly weapon finding in the judgment. In his second issue, appellant urges that the court erred in adjudicating his guilt because the evidence was insufficient to support a conviction. We affirm the judgment as modified herein. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On August 7, 2014, appellant was charged by indictment with the offense of aggravated robbery. The indictment alleged that, on July 11, 2014, appellant intentionally and knowingly, while in the course of committing theft of property and with the intent to obtain or maintain control of said property, threatened and placed the complainant in fear of imminent bodily injury and death, and that appellant used and exhibited a deadly weapon, a firearm. In accordance with a plea agreement, appellant entered a plea of nolo contendere in exchange for a period of deferred community supervision of six years and a fine of $750. As part of that plea agreement, appellant signed a judicial confession admitting to the facts of the offense as alleged in the indictment. The trial court conducted a hearing, at which the court accepted appellant's plea of nolo contendere, found the evidence sufficient to substantiate appellant's guilt, and, pursuant to the plea agreement, deferred adjudication, placed appellant on community supervision for a period of six years, and imposed a fine of $750.

On March 7, 2019, the State moved to revoke appellant's community supervision and proceed with an adjudication of guilt, asserting he had violated several conditions of his community supervision, including that he had not reported to the community supervision office as of March 6, 2019. On February 8, 2022, the State filed an amended motion to revoke appellant's community supervision and proceed with adjudication of guilt, asserting appellant had, among other violations,

failed to report to the community supervision office on March 6, 2019, or any date thereafter. On March 7, 2022, appellant entered open pleas of true to two of the allegations, and the State withdrew the remaining allegations. The trial court accepted appellant's pleas of true and conducted a punishment hearing, at the conclusion of which the court imposed a sentence of twelve years' imprisonment. Appellant's appeal of the judgment adjudicating his guilt followed.

## DISCUSSION

### I. Deadly-Weapon Finding

In his first issue, appellant challenges the trial court's inclusion of a deadly-weapon finding in the judgment. He argues that the trial court erred by including the deadly-weapon finding because the terms of his 2015 plea agreement prohibited its inclusion and because the statute referred to in the finding was repealed in 2017, before he was adjudicated guilty. He also urges there was insufficient evidence to establish he possessed or used a deadly weapon to facilitate a felony. The State responds that our jurisdiction to consider these arguments is limited and precludes review of a sufficiency challenge. We agree.

Unless an order placing a defendant on deferred adjudication community supervision is void, that defendant may not raise issues related to the original plea proceeding in an appeal from a subsequent adjudication proceeding. *See Reyna v. State*, No. 05-20-00505-CR, 2021 WL 4932735, at *3 (Tex. App.—Dallas Oct. 22, 2021, no pet.) (mem. op., not designated for publication) (citing *Manuel v. State*,

–3–

994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Robinson v. State*, No. 02-17-00054-CR, 2018 WL 1095793, at *2 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication)). Thus, we may consider appellant's arguments that the terms of his 2015 plea bargain barred the trial court from entering a deadly-weapon finding in the 2022 judgment adjudicating guilt and that no statute authorized the deadly-weapon finding at the time judgment was entered, but not that insufficient evidence supports the deadly-weapon finding. *See Manuel*, 994 S.W.2d at 661 ("We have long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, *such as evidentiary sufficiency*, only in appeals taken when community supervision is originally imposed." (emphasis added)).

In the plea agreement he signed in 2015, the statement "affirmative finding of deadly weapon" is marked "no." Despite that and despite the fact that the trial court judge indicated she was sentencing him "pursuant to the plea agreement," the trial court judge announced that she found that appellant used or exhibited a deadly weapon, a firearm, in the commission of the offense. Likewise, the 2015 order of deferred adjudication includes a special deadly-weapon finding:

> THE COURT FINDS DEFENDANT USED OR EXHIBITED A DEADLY WEAPON, NAMELY, FIREARM, DURING THE COMMISSION OF A FELONY OFFENSE OR DURING IMMEDIATE FLIGHT THEREFROM OR WAS A PARTY TO THE OFFENSE AND KNEW THAT A DEADLY WEAPON WOULD BE

–4–

USED OR EXHIBITED.  TEX. CODE CRIM. PROC. ART. 42.12 §3G[1]

The 2022 judgment from which appellant appeals also contains the deadly-weapon finding, using the same language as above.

Appellant argues the plea bargain limited the trial court's authority to enter a deadly-weapon finding and that, once having accepted the plea agreement, the court had a "ministerial, mandatory, and nondiscretionary duty . . . to specifically enforce" the terms of the agreement and relies on *Perkins v. Court of Appeals for Third Supreme Judicial District of Texas, at Austin*, 738 S.W.2d 276, 285 (Tex. Crim. App. 1987, orig. proceeding), to support his argument.  However, his reliance on *Perkins* is misplaced because that case did not involve deferred adjudication.  As here, "[u]pon violation of the deferred adjudication probations, the judges have no further obligation to comply with the plea bargains since the bargains had already been satisfied by the judges' initial sentencing."  *See Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (en banc) (quoting *Ditto v. State*, 988 S.W.2d 236, 239 (Tex. Crim. App. 1999)).  Accordingly, we reject appellant's argument that the terms of the 2015 plea agreement barred the trial court judge from entering a deadly-weapon finding in the 2022 judgment adjudicating guilt.

---

[1] Because appellant did not appeal the 2015 order, we may not consider whether the trial court's failure to comply with the plea agreement's terms in that order is reversible error in this appeal from the 2022 judgment. *See Reyna*, 2021 WL 4932735, at *3.

In his remaining argument supporting his first issue, appellant urges that the statute cited in the deadly-weapon finding, TEX. CODE CRIM. PROC. art. 42.12 § 3G, was repealed in 2017, and no other statute authorizes the inclusion of a deadly-weapon finding in the 2022 judgment adjudicating guilt. The State responds that article 42.12 § 3G was repealed pursuant to a re-codification project between appellant's 2015 plea and his 2022 adjudication and was replaced by article 42A.054.

We conclude the citation to article 42.12 § 3G is a clerical error that we may correct by modifying the judgment to reflect that the statutory basis for the court's affirmative deadly weapon finding is "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)." *See, e.g.*, *Tarver v. State*, No. 05-18-00589-CR, 2019 WL 1785342, at *3 (Tex. App.—Dallas Apr. 24, 2019, no pet.) (mem. op., not designated for publication) (citing Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 1.01, eff. Jan. 1, 2017, which repealed article 42.12 and replaced it with chapter 42A).

## II.     Sufficiency of the Evidence and Voluntariness of Nolo Contendere Plea

In his second issue, appellant argues "the conduct contained in his judicial confession was not accurate" such that, in the hearing adjudicating his guilt, the trial court should have rejected the magistrate judge's earlier substantiation of appellant's plea in entering the 2015 order. Appellant's arguments appear to be based on discrepancies between facts as set forth in the affidavit of probable cause and the facts as set forth in the indictment and judicial confession. He urges those

–6–

discrepancies cast doubt on whether he entered his plea of nolo contendere with a complete understanding of the charge and thus whether his plea was voluntary.

As discussed above, our jurisdiction to consider issues raised on appeal from a judgment adjudicating guilt is limited. *See Reyna*, 2021 WL 4932735, at *3. Thus, to the extent appellant raises issues regarding the sufficiency of the evidence to support his conviction or the voluntariness of his plea, we may not consider them. *See id.*; *see also Manuel*, 994 S.W.2d at 661. Appellant argues preservation of these issues was not required, relying on *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) (holding where defendant challenges legal sufficiency of evidence to support conviction on *direct appeal*, appellate court always has duty to address, regardless of whether issue raised in trial court). But, the court of criminal appeals has consistently held that "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014) (quoting *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013)). Accordingly, we do not address these issues.

## III. Discharge under Article 42A.111(a)

As part of his second issue, appellant argues that article 42A.111(a) required the trial court to dismiss the proceedings against him and discharge him.

Article 42A.111(a) provides that on expiration of a period of deferred adjudication community supervision imposed under this subchapter, if the judge has not proceeded to an adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge the defendant. *See* TEX. CODE CRIM. PRO. art. 42A.111(a). Appellant's six-year period of deferred adjudication began on January 7, 2015, and thus expired on January 7, 2021, prior to the March 7, 2022 hearing conducted on the State's motion to revoke. But, a court retains jurisdiction to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration of the supervision period: (1) the attorney representing the state files a motion to revoke, continue, or modify community supervision; and (2) a capias is issued for the arrest of the defendant. *See id.* art. 42A.751.

The record reflects that the State filed its motion to revoke appellant's community supervision on March 11, 2019, prior to the expiration of appellant's supervision period on January 7, 2021, and that attached to that motion is a copy of a capias issued on March 7, 2019. Thus, the trial court retained jurisdiction to conduct the hearing on March 7, 2022. *See id.* Accordingly, we reject appellant's argument that the trial court was required to dismiss the proceedings against him and discharge him.

**CONCLUSION**

We affirm the trial court's judgment as modified.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
220225F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KAMORIN GOODE, Appellant

No. 05-22-00225-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F14-45404-M. Opinion delivered by Justice Kennedy. Justices Carlyle and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Delete the reference to "TEX. CODE CRIM. PROC. art. 42.12 § 3G" in the special finding and replace it with "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 4th day of April, 2023.